ELIZABETH McHUGH, a minor by her next friend, John T. McHugh, and JOHN T. McHugh, individually, Appellants, v. JAMES L. BROWN, WILLIAM H. SEGARS, ALBERT DONALD WILLIAMS (sometimes known as Donald Williams) and ALBERT A. WILLIAMS, Appellees.

(*October* 3, 1956.)

SOUTHERLAND, C. J., BRAMHALL, Justice, and CAREY, Judge, sitting.

*Edward W. Cooch, Jr.,* and *Januar D. Bove, Jr.,* for appellants.

*William H. Bennethum* (of Morford and Bennethum) for appellees.

Supreme Court of the State of Delaware, No. 11, 1956.

SOUTHERLAND, C. J.:

The main questions presented are two:

1. Was there any evidence of wilful or wanton disregard of the rights of others on the part of the operator of the automobile in which the minor plaintiff was riding as a guest when injured?

2. Under the statutes making a parent or car-owner liable for negligence of a minor in operating the car, is the parent or owner liable to a guest in a car driven by the minor in the absence of proof of wilful or wanton conduct on the part of the minor?

The facts are these:

On the evening of January 19, 1952, Eliabeth McHugh, a minor, Donald Williams, a minor, and four other young people were driving in an automobile in a southerly direction on the causeway south of Wilmington. The road is a four-lane main highway. Williams was driving. He approached the bridge over the Pennsylvania railroad tracks at a speed of about thirty miles an hour. The car was in the left-hand lane of the southbound portion of the highway. At a point about one-third up the incline of the bridge Williams' car collided with a loaded truck driven by William H. Segars, and Elizabeth McHugh was injured. Whether Segars' car was parked or in motion, and whether his tail lights were lighted, are facts in dispute. We shall assume that his car was parked and that his tail lights were on— the case most favorable to plaintiff.

It is admitted that the bridge was at least partly illuminated by the bridge lights. The weather was raining and misty, and the road was slippery. Williams had his headlights on and was

looking at the road. He admitted that he had time to swerve to his right to avoid the collision. He did not reduce his speed when going up the incline of the bridge.

The complaint charges Donald Williams with wilful or wanton disregard of the rights of others in the following particulars:

(a) Excessive speed under the conditions, and failure to reduce speed on approaching the crest of the incline;

(b)' Failure to keep his car under control;

(c) Failure to observe the truck;

(d) Failure to keep a proper look-out;

(e) Driving in the left-hand lane;

(f) Exceeding the speed limit.

An amendment to the complaint asserted liability against Albert A. Williams, father of Donald, under the parental-responsibility statute.

The depositions of the two drivers were taken, and upon the pleadings and depositions the defendants Donald Williams and Albert A. Williams moved for summary judgment. The trial judge held (1) that there was no evidence of wilful or wanton conduct on the part of Donald Williams; and (2) that the liability of the parent or car-owner for the negligence of a minor exists only in a case where the minor's liability is established. He accordingly granted the motion for summary judgment. Plaintiffs appeal.

1. Was there any evidence of wilful or wanton disregard of the rights of others on the part of Donald Williams?

The Delaware guest statute, 21 *Del. C.* § 6101, releases the owner or operator of a motor vehicle from responsibility for injuries suffered by a guest in case of accident "unless such accident was intentional on the part of such owner or operator, or was caused by his wilful or wanton disregard of the rights of others."

This statute, unlike some other guest statutes, does not adopt "gross negligence" as the test of liability. In *Gallegher v. Davis*, 7 *W. W. Harr.* (37 *Del.*) 380, 183 *A.* 620, 622, the Superior Court said:

"The word, 'negligence,' is nowhere used in the statute; and it is clear that negligence, as that term is properly understood in law, is eliminated as a basis of liability."

The court also said:

"Wilfulness and negligence are incompatible terms. Absence of intent is a characteristic of negligence. Wilfulness cannot exist without purpose or design. The difference is one of kind, not of degree. There is a clear distinction between wantonness and negligence, as the former term includes the elements of consciousness of one's conduct, realization of the probability of injury to another, and disregard of the consequences. Likewise, the precisian clearly distinguishes wilfulness from wantonness, in that the former includes the element of actual intent to cause injury, while, with respect to the latter, there is included, at most, an implied or constructive intent."

The court added "* * * more than negligence is required as a basis of liability."

 That case was subsequently tried and plaintiff had a verdict. On writ of error the Supreme Court approved the opinion of the Superior Court upon the law.

Chief Justice Layton defined wanton conduct as follows:

"Wanton conduct, resulting in injury to another, therefore, may be said to be such conduct as exhibits a conscious indifference to consequences in circumstances where probability of· harm to another within the circumference of the conduct is reasonably apparent. although harm to such other is not intended." *Law v. Gallagher*, 9 *W. W. Harr.* (39 *Del.*) 189, 194-195, 197 *A.* 479, 482.

The nub of this definition is in the phrase "conscious indifference". In homely language it means a foolhardy "I-don't-care-a-bit-what-happens" attitude. *Cf. Gerhauser v. Deemer, Del. Super.* 116 *A.* 2d 175.

Pitfalls lurk in definitions of such concepts, for every case must turn on its facts; but we think that the language of the Supreme Court in the *Gallagher* case is as near to an accurate definition as can be framed, and we reaffirm it. Incidentally, we observe that the phrasing of the definition in the opinion below —"conscious and timely knowledge of an approach to an unusual danger"—puts the emphasis in the wrong place. It is conscious indifference—the "don't care" attitude—that characterizes wanton conduct.

In the later case of *Biddle v. Boyd*, 9 *W. W. Harr.* (39 *Del.*) 346, 199 *A.* 479, the above principles were applied to the following following facts:

The plaintiff, a guest in defendant's car, had warned the driver of a parked car ahead when the defendant, proceeding at thirty miles an hour, was at least 125 feet from the parked car. Her headlights were on, the tail light of the parked car was on, three traffic lanes of the highway were unobstructed, and defendant had ample time to turn her car so as to avoid striking the parked car. Nevertheless, these facts were held as a matter of law not to show wanton conduct.

■■ Applying these principles and the *Boyd* decision to the facts disclosed in the depositions, we find evidence tending to show negligence on the part of Donald Williams, possibly in several particulars. If we take the version of the facts most favorable to plaintiff, as we must, the driver failed to observe the lights of a parked car, and failed to use care to avoid a collision, under weather conditions indicating that cautious driving was in order. By his own admission he could have avoided the accident.

But we find nothing in this indicating such a reckless state of mind—such a conscious indifference to consequences—as would justify a jury in inferring the wanton conduct that the statute requires as the foundation of liability to a guest.

Plaintiffs insist that the driver was also negligent in driving in the left of the two lanes, and in failing to reduce his speed in approaching the crest of the incline; and that these particulars of negligence, taken together with the others, amounted to wanton conduct. It is doubtful whether the statutes relating to these two additional matters have any bearing on the case; but, even if they do, these added items of negligence are not sufficient, either alone or taken together with the others, to establish wanton conduct.

■ Plaintiffs criticize the opinion below because the court referred to the complaint as showing nothing more than ordinary negligence, and failed to mention the testimony in the depositions. Hence it is said that the court failed to consider the testimony. We are not clear that this inference is justified; but even so, the correct result was reached, and the error, if any, is immaterial. We hold that the court's decision on this point was correct, and that Donald Williams was not liable to the plaintiffs.

2. Notwithstanding that the guest statute relieves Donald Williams of liability, is the other moving defendant, his father, nevertheless liable to plaintiffs?

The applicable statutes are found in 21 *Del. C.* § 6105(a) and § 6106. They read:

"Any negligence of a minor, under the age of 18 years licensed upon application signed as provided in section 2710 of this title, when driving any motor vehicle upon a highway, shall be imputed to the person who has signed the application of such minor for the license. Such person shall be jointly and severally liable with such minor, for any damages caused by such negligence."

&ast; &ast; &ast; &ast; &ast; &ast;

"Every owner of a motor vehicle who causes or knowingly permits a minor under the age of 18 years to drive such vehicle upon a highway, and any person who gives or furnishes a motor vehicle to such minor, shall be jointly and severally liable with such minor for any damages caused by the negligence of such minor in driving such vehicle, and the negligence of such minor shall be imputed to such owner or such person for all purposes of civil damages."

■■ The trial judge held that the liability of the parent or owner under these statutes is measured by the liability of the minor; in other words, that the guest statute is a defence in this case to a suit against the parent.

The plaintiffs assail this ruling as erroneous. They argue that the above statutes create a new ground of liability, unknown to the common law and separate and independent of any limiting provisions of the guest statute; in other words, that the parent's liability is not coextensive with the minor's, but extends to all cases where any negligence of the minor results in injury to another.

This argument appears to be built on the time sequence of the passage of the statutes. The earlier statute, it is said, was the guest statute, and the subsequent parental-responsibility statute impliedly repealed or modified the scope of the guest statute.

This argument we think unsound. Comparing the two statutes last quoted with the guest statute, we see at once that the former are statutes general in nature, the purpose of which is, in effect, to give legislative approval to some aspects of the "family use doctrine" in the field of motor vehicle law. Prior to their enactment our courts had held that this doctrine was no part of our law. *Cannon v. Bastian*, 1 *W. W. Harr.* (31 *Del.*) 533, 116 *A.* 209; *Cerchio v. Mullins*, 3 *W. W. Harr.* (33 *Del.*) 245, 138 *A.* 277.

The guest statute, on the other hand, is a statute of a special nature, dealing with one specific feature of the liability of an

owner or operator of a car to a limited class of persons—guests riding in his car at the time of an accident. It is the general rule that in such a case the two statutes are read together and harmonized, and that in the event of repugnancy the special statute prevails. *Crawford, Statutory Construction,* § 230. The case of *Tighe v. Diamond,* 82 *Ohio App.* 487, 82 *N. E.* 2d 99, applied this rule in a case similar to this, involving the Ohio guest statute and the "minor driver's license" section of the Ohio Code—statutes somewhat similar to our own. The Delaware statutes, read together, may be harmonized by construing the parental-responsibility statute as placing liability on the parent in all cases in which the minor is liable to a third party, but eliminating the parent's liability in cases in which the minor is not liable to a guest.

This construction of the statutes finds some support in the language of the parental-responsibility statute. The parent is " jointly and severally liable *with*" the minor. (Emphasis supplied.) This appears to mean that the parent is liable to the extent, but only to the extent, that the minor is liable.

An even more cogent reason supports this conclusion. The guest statute embodies a specific and important legislative policy —the elimination of collusive litigation. Plaintiff's construction of the parental-responsibility statute runs directly counter to this policy. To adopt it would emasculate the guest statute. We can see no reason whatever to suppose that the legislature intended such a result when it adopted the family use doctrine.

We hold that the guest statute applies to the suit against the parent.

A third contention of plaintiffs must be dealt with.

■ Plaintiffs argue that the court should not have given summary judgment because there were material issues of fact arising out of the testimony. These are said to be two: (1) whether Donald Williams' negligence was the sole cause of the collision, or whether the negligence of Segars was the sole cause,

or whether there was concurring negligence; (2) whether Segars' car was moving or parked and whether its tail lights were lighted.

In the foregoing discussion we have assumed the state of facts most favorable to plaintiffs. Obviously, to the extent that Segars was responsible for the accident, the case against Williams charging wanton conduct is correspondingly weakened. The issues upon these matters are thus immaterial to the determination of the existence of evidence showing wanton conduct on the part of Donald Williams. If, as we have held, no evidence of wanton conduct exists under the view of the case most favorable to plaintiffs, summary judgment cannot be avoided by pointing to contrary evidence that would make their case less favorable.

We are in accord with the trial court's decision on the questions presented by the case, and the judgment below is affirmed.