BARBARA E. WILSON, by her guardian ad litem, ELIZABETH E. WILSON and HAROLD W. WILSON, Plaintiffs Below, Appellants, v. GEORGE T. TWEED, One of the Defendants Below, Appellee, and RICHARD C. THAMM.

*(April* 22, 1965)

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

*Albert L. Simon,* for plaintiffs below, appellants.

*Warren B. Burt,* of Prickett & Prickett, for defendant George T. Tweed, appellee.

Supreme Court of the State of Delaware, No. 101, 1964.

HERRMANN, Justice:

This is an action brought on behalf of Barbara E. Wilson, a minor, (hereinafter "plaintiff") against George T. Tweed and Richard C. Thamm for injuries sustained in an automobile accident in which the plaintiff was a guest passenger in Tweed's automobile. The plaintiff charged Tweed with wilful and wanton disregard of her rights under our Guest Statute*; and she charged negligence against the other driver, Thamm. The defendants filed cross-claims for contribution. After depositions and interrogatories, Tweed (hereinafter "defendant") moved for summary judgment on the ground that there was no evidence of wilful or wanton conduct on his part. Summary judgment was granted in favor of the defendant; the plaintiff appeals.

The question for decision is whether the defendant has discharged his burden of demonstrating to a reasonable certitude that there is no issue of fact which, resolved in favor of the plaintiff, would hold the defendant liable to the plaintiff on her claim. *Howard v. Food Fair Stores,* New Castle, Inc., Del., 201 A.2d 638 (1964).

Taking the version most favorable to the plaintiff, as we must at this stage, the facts are these:

On the afternoon of February 10, 1963, Tweed was driving in a southerly direction on Route 896, a four-lane highway, toward its intersection with Route 301 near Glasgow. Thamm was traveling in a northerly direction on Route 896. The weather was clear and visibility unimpeded. The intersection was controlled by a flashing yellow light governing traffic on Route 896 and a flashing red light governing Route 301 traffic. Tweed, intending to make a left turn across the northbound lanes of Route 896 to enter Route 301, slowed from 40 miles per hour to 15 or 20 miles per hour. Thamm approached the intersection at about 50 miles per hour and when he was 50 or 60 feet from the intersection, Tweed made the left turn directly across Thamm's path

---

*The Delaware Guest Statute, 21 *Del. C.* Sec. 6101, relieves the owner or operator of a motor vehicle from responsibility for injuries suffered by a guest in case of accident "unless such accident was intentional on the part of such owner or operator, or was caused by his wilful or wanton disregard of the rights of others.

Tweed saw Thamm approaching at a "pretty fast speed" which he estimated to be "close to 50"; but Tweed thought that he had a "chance to get across"; and he did not stop before commencing the turn or accelerate during the turn. Tweed's vehicle was wholly within the northbound lanes when struck "broadside" by Thamm, the point of impact being the right rear quarter panel of Tweed's vehicle. Tweed's wife, sitting in the front seat with him, shouted a warning to him against turning into Thamm's path; but Tweed either did not hear or did not heed.

The Superior Court concluded that Tweed's conduct indicated that he "simply made a turn that he could not safely make"; that Tweed was guilty of negligence at most; and that the trial court could not "find a single circumstance indicating a reckless state of mind or conscious indifference to the safety of the plaintiff," citing *McHugh v. Brown,* 11 Terry 154, 125 A.2d 583 (1956). Accordingly, summary judgment was granted in Tweed's favor.

We are unable to agree with the Superior Court in this respect. A jury question is presented, we think, as to whether Tweed's conduct amounted to wanton disregard of the plaintiff's rights.

There is no charge that the defendant's conduct was intentional or "wilful." Therefore, we confine our consideration to whether his conduct could be considered "wanton" within the meaning of the Guest Statute as construed by our decisions.

The controlling rule was most recently stated by this court in *Wagner v. Shanks,* Del., 194 A.2d 701, 706 (1963) as follows:

"* * * Wantonness does not necessarily imply any form of intent to cause the harm which results from some activity. Wanton conduct occurs when a person, with no intent to cause harm, performs an act which is so unreasonable and dangerous that he either knows or should know that there is an eminent likelihood of harm which can result. It is the 'I don't care attitude' discussed by this Court in *McHugh v. Brown,* 11 Terry 154, 125 A.2d 583. * * *."

Under the facts accepted for present purposes, Tweed turned into the path of a vehicle approaching at 50 miles per hour when it was only 50 to 60 feet away. There is evidence upon the basis of which a jury could reasonably conclude that Tweed made such turn. If a jury so finds, it could reasonably conclude, we think, that such driving was "unreasonable and dangerous" and that the defendant knew, or should have known, that there was a strong "likelihood of harm" which could result; and the jury may well proceed from there to find that "reckless state of mind" and that "conscious indifference to consequences" which warrants an inference of the wanton conduct required by the Statute as the foundation of liability to a guest passenger. *McHugh v Brown,* supra.

No useful purpose would be served by reviewing, as the defendant does so diligently, the numerous cases in which Delaware courts have found, or failed to find, wanton conduct. Each case must turn on its own facts; and no Delaware case has been cited having a factual situation substantially like the one at hand. Compare *Hering v. Hilton,* 12 Ill. 2d 559, 147 N.E.2d 311 (1958).

We hold that the issue of wanton conduct in this case is for a jury. Viewing the facts presented on the motion for summary judgment in the light most favorable to the plaintiff, we are unable to say that there is no issue of fact which, if resolved in favor of the plaintiff, would entitle her to judgment against Tweed. Accordingly, we are impelled to reverse the judgment below and to remand the cause for trial.