**Martha A. HAZEWSKI, Plaintiff,**

v.

**Elaine JACKSON, Defendant.**

Superior Court of Delaware,
New Castle.

May 19, 1970.

Harold Leshem, of Booker, Leshem, Green, Shaffer & Berl, Wilmington, for plaintiff.

Raymond L. Becker, Wilmington, for defendant.

OPINION

STOREY, Judge.

This is a tort action by Martha A. Hazewski, a guest in an automobile driven by the defendant, Elaine Jackson. The complaint alleges that plaintiff was seriously injured in a motor vehicle accident which

was due to defendant's wanton and reckless disregard for plaintiff's safety. Defendant has moved the Court for summary judgment.

■ As in all summary judgment cases, the facts shall be stated in the light most favorable to the party against whom summary judgment is requested. Wilson v. Tweed, 209 A.2d 899 (Del.Supreme Ct. 1965).

The facts are that three girls, plaintiff, defendant, and Janice M. Machulski, were riding on Kirkwood Highway. Defendant was driving at the time. While proceeding along the Kirkwood Highway, the vehicle, a 1962 Corvair, began to shimmy and continued to shimmy for two or three city blocks without any decrease in speed. The vehicle struck a pole and was severely damaged. As a result of the accident, the plaintiff suffered serious injury.

We are here dealing with a young lady driver who was not well acquainted with the mechanical operation or workings of an automobile when that vehicle began to shimmy. Moreover, we are discussing a reaction time which was of short duration. Moving the distance of two or three city blocks at 45 to 50 miles per hour would take approximately 30 seconds or less. All of these factors taken together indicate that the defendant's conduct may not be characterized as wanton. A comparison of Delaware cases supports this conclusion.

■ Since this case involves the Delaware guest statute, 21 Del.C. § 6101, the standard to be applied to defendant's conduct is the standard of wantonness as defined by the Delaware Supreme Court:

"Wantonness does not necessarily imply any form of intent to cause harm which results from some activity. Wanton conduct occurs when a person, with no intent to cause harm, performs an act which is so unreasonable and dangerous that he either knows or should know that there is an eminent likelihood of harm which can result. It is the 'I don't care

attitude' discussed by the Court in McHugh v. Brown, 11 Terry 154, 125 A.2d 583." Wagner v. Shanks, 194 A.2d 701, 707 (Del. Supreme Ct. 1963); Wilson v. Tweed, *supra*, 209 A.2d p. 901.

And wantonness is not gross negligence. The latter does not include the former. McHugh v. Brown, 11 Terry 154, 125 A.2d 583 (1956).

■ While the definition of *Wagner* and *Wilson* are apposite for this case, they may not be cited as support for denying the summary judgment. In *Wagner,* the portion of the decision under our consideration hinged on the instruction of the jury on the definition of "wantonness" and on the contributory nature of the plaintiff's failure to act. The decision did not determine whether the decision of the jury on the merits was correct as a matter of law or fact. (It is interesting to note, however, that the jury found for the defendant who was the driver of the motor vehicle in which the plaintiff was riding and which became involved in an accident. The defendant had sped away from another stopped car at a high rate of speed on a wet road. The defendant lost control of his car on a sharp curve which had an uphill grade). In *Wilson,* the defendant, over protest from his wife, turned into the path of a vehicle approaching at 50 miles per hour when it was only 50 to 60 feet away. The Court found that the evidence raised a jury question as to whether such driving was unreasonable and dangerous and whether the defendant acted with a reckless state of mind. Very clearly, in the case at bar, a young girl, unfamiliar with the workings of an automobile would not be operating her shimmying vehicle with an "I don't care attitude", a reckless state of mind, merely because she continued to drive the distance of two or three city blocks at a constant speed.

In McHugh v. Brown, *supra*, the defendant minor was driving at about 30 miles per hour on a 4-lane highway. It was a rainy night and the defendant was paying

attention to the road. As the defendant approached a bridge, he saw a car parked in the passing lane of the bridge. The stopped car had its tail lights on and the bridge lights illuminated the roadway. The defendant admitted that he had time to swerve to avoid hitting the stopped car. The defendant hit the stopped car, causing injury to the plaintiff, a guest. The Superior Court granted the defendant summary judgment on the facts and Supreme Court affirmed. It is clear here that the facts of the *McHugh* case are far more severe than those in the case at bar.

In Sparks v. Furches, 698 Civil Action 1968, Letter opinion by Judge Quillen, Superior Court, Delaware, the plaintiff guest was injured when the defendant approached a narrow bridge and struck a car. The defendant was driving 35 miles per hour in a 25 miles per hour zone and riding in the middle of an unmarked road. He failed to take appropriate steps to avoid the accident. The Court found that all of these factors taken together did not amount to an "I don't care attitude", but rather could only amount to negligence. Once again the facts of the case at bar are not as severe or are no more severe than those of *Sparks*. Consequently, the motion for summary judgment by the defendant should be granted.

It is so ordered.