473 P.2d 913

Jeffrey Dean HATELY, a Minor, by his Father and Next Friend, Eugene R. Hately; and Eugene R. Hately, Individually, Plaintiffs-Appellants,

v.

James HAMILTON and Helen Hamilton, Defendants-Appellees.

No. 460.

Court of Appeals of New Mexico.

July 17, 1970.

Certiorari Denied Aug. 20, 1970.

William G. Gilstrap, Richard E. Ransom, Smith, Ransom & Deaton, Albuquerque, for appellants.

Robert G. McCorkle, Rodey, Dickason, Sloan, Akin & Robb, James T. Paulantis, Iden & Johnson, Albuquerque, for appellees.

OPINION

SPIESS, Chief Judge.

The plaintiff, Eugene R. Hately, individually and as next friend of Jeffrey Dean

Hately (Jeffrey) a minor, has appealed from a summary judgment in favor of defendants, James Hamilton and Helen Hamilton, parents of Charles Hamilton (Charles), a minor. We affirm the judgment. The complaint sought damages on account of personal injuries sustained by Jeffrey which resulted from a motorcycle accident. At the time of the occurrence Jeffrey was a guest rider upon the motorcycle which was owned and operated by Charles.

It appears to be conceded by the plaintiff that § 64–24–1, N.M.S.A.1953 (the guest statute) is a bar to any action against Charles. He is charged only with ordinary negligence. The action, consequently, was brought solely against James and Helen Hamilton, Charles' parents. The grounds upon which plaintiff would impose liability upon defendants are hereinafter discussed.

The basic issues before us involve (1) the determination of questions of law upon undisputed facts, and (2) whether upon the record before the court a triable issue was presented.

The accident occurred at the intersection of U. S. Highway 66 and State Road 53 in the area of Grants, New Mexico. The motorcycle operated by Charles and upon which Jeffrey was riding was traveling in an easterly direction upon the inside lane of the two eastbound lanes of Highway 66 and proceeding toward the intersection of the highways. An automobile driven by one Russell had entered the intersection before this point was reached by the motorcycle. Russell crossed both eastbound lanes of Highway 66 and had proceeded into the median strip which divided the opposing traffic lanes of Highway 66 and there came to a stop preparatory to turning west on Highway 66. Russell was delayed because of westbound traffic. The rear portion of his car as it was stopped extended two feet into the east lane of Highway 66, the lane upon which the motorcycle was traveling.

As the motorcycle approached the intersection and the Russell car its brakes were applied and the motorcycle began to slide or skid; it then fell with the boys and slid along the highway in front of them leaving some 137 feet of skid marks. Jeffrey struck the rear of the Russell car and as a result sustained the injuries upon which the complaint is based.

It is conceded that at the time of the accident Charles was fifteen years of age and his mother, the defendant, Helen Hamilton, in accordance with § 64–13–44, N.M.S.A.1953, had signed an operator's license thereby assuming the obligations imposed by the Act.

It is further conceded that the motorcycle was purchased by defendant, James Hamilton and given to Charles and he was permitted by his parents to operate it.

It is undisputed that the motorcycle was rated as a six horsepower vehicle and its use by Charles was violative of the provisions of § 64–13–40, N.M.S.A.1953.

The plaintiff asserts the following three points support reversal of the summary judgment. (1) In accordance with § 64–13–44, N.M.S.A.1953, negligence on the part of Charles is imputed to his parent or parents who signed his application for driver's license. (2) Liability is imposed on the parents under the family purpose doctrine. (3) A fact issue was present as to whether the negligence of the defendants (parents) in giving a six horsepower motorcycle to Charles and permitting him to operate it in violation of the provisions of his license (§ 64–13–40, supra) was a proximate cause of Jeffrey's injuries, precluding the granting of summary judgment.

The parties appear to be in disagreement on whether a factual issue is disclosed by the record as to negligence on the part of Charles, and, if an issue as to such negligence is disclosed, whether there is evidence that this negligence was a proximate cause of the accident. For the purpose of our review we assume that the record does disclose an issue of fact relating to ordinary negligence on the part of Charles and likewise a fact issue as to a causal connec-

tion between Charles' negligence and Jeffrey's injuries.

It is undisputed that defendant, Helen Hamilton, Charles' mother, signed his application for license to the end that § 64-13-44, supra, is applicable. This Act reads, in part:

"(b) Any negligence or willful misconduct of a minor under the age of eighteen [18] years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or willful misconduct except as otherwise provided in the next succeeding paragraph."

"(c) In the event a minor deposits or there is deposited upon his behalf proof of financial responsibility in respect to the operation of a motor vehicle owned by him, or if not the owner of a motor vehicle, then with respect to the operation of any motor vehicle, in form and in amounts as required under the motor vehicle financial responsibility laws of this state; then the division may accept the application of such minor when signed by one [1] parent or the guardian of such minor, and while such proof is maintained such parent or guardian shall not be subject to the liability imposed under the preceding paragraph of this section."

■ Plaintiff argues that this statute imposes responsibility for a minor's negligence upon the person signing the application for license and the fact that the minor is absolved from liability under the Guest Act (§ 64-24-1, N.M.S.A.1953) does not relieve the signers of financial responsibility for damages. With this contention we do not agree.

The Act, § 64-13-44, supra, was, in our opinion, designed as a means of providing financial responsibility for the minor. Consequently, liability on the part of the minor would be requisite to the imposition of a liability upon the signers. Paragraph

(c) of the Act would lend support to this conclusion in that the minor's deposits, if made under (c), clearly could not be subjected to a claim in the absence of liability on the part of the minor.

Identical to our case and coming to the same conclusion is McHugh v. Brown, 50 Del. 154, 11 Terry 154, 125 A.2d 583 (1956). In this case it was held that the Delaware Guest Act barred the action against the minor operator, and as a consequence an action or claim against the persons signing the minor's license application was also barred. The statute making the signers of the minor's application liable for his negligence and which was considered in *McHugh* is identical to our Act (§ 64-13-44, supra). Compare McCants v. Chenault, 98 Ohio App. 529, 130 N.E.2d 382 (1954). In view of our holding that the signer of the license application is not liable for damages under these circumstances we need not consider plaintiff's contention that the execution of the application by the wife, Helen, likewise bound the husband, James.

We consider next the applicability of the family purpose doctrine in this situation. We are called upon to determine whether the Guest Act bars an action under the family purpose doctrine. Although the motorcycle was owned by Charles, the family purpose doctrine was invoked by plaintiff under Pouliot v. Box, 56 N.M. 566, 246 P. 2d 1050 (1952).

In our opinion Cortez v. Martinez, 79 N. M. 506, 445 P.2d 383 (1968), supplies the answer to the issue presented under this point. In *Cortez* action was brought against Luis Martinez, father of Francis Martinez, and likewise against Francis Martinez on account of the alleged negligent operation of an automobile by Francis Martinez resulting in the death of a guest passenger. The trial court granted summary judgment in favor of both Luis Martinez (father) and Francis Martinez (son) finding that Francis Martinez was the owner of the car involved and protected by the guest statute. However, the Supreme Court concluded that there was an

issue as to the ownership of the car. If it belonged to the father, then the son did not come within the protection of the guest statute. The last paragraph in *Cortez* states:

"It follows that the cause should be reversed and remanded to the trial court with instructions that it be reinstated on the docket and plaintiff granted a trial as against Francis Martinez. There being no claim of gross negligence or wilful misconduct as to Luis Martinez, and his liability being predicated solely on the family purpose doctrine, no recovery from him because of ordinary negligence is permissible. Lopez v. Barreras, * * * [77 N.M. 52, 419 P.2d 251 (1966)]. The judgment of dismissal of Luis Martinez was correct and is affirmed. Costs on appeal are to be borne equally by plaintiff and defendant Francis Martinez."

■ Under this holding the protection of the guest statute was extended to the father, Luis Martinez, without regard to whether he or his son, Francis, owned the car. Thus, if it were determined that Luis Martinez was the owner of the car although driven by Francis Martinez, the father, Luis, would be protected by the guest statute. The affirmance of the judgment as to Luis Martinez also had the effect of eliminating liability under the family purpose doctrine in cases in which a family member-owner of the vehicle is protected against liability by the Guest Act. Compare McHugh v. Brown, supra.

We next consider whether there was a triable issue as to the liability of the parents for giving and permitting their son to operate a motorcycle capable of developing 1 horsepower in excess of the maximum fixed by statute.

We assume, but do not decide, that the giving of the particular motorcycle to Charles and permitting him to operate it contrary to his license and the applicable statute is negligence per se. The question, however, is—does the record present a triable issue as to whether the parents' acts proximately caused Jeffrey's injuries?

As stated, we have taken the view for the purpose of the motion that from the facts before the court Jeffrey's injuries proximately resulted from the negligence of Charles in his operation of the motorcycle, particularly in failing to maintain a proper lookout and failing to maintain his motorcycle under proper control. As we view the record, Charles' failure to properly control the motorcycle may at least be inferable from the skid marks left and the fact that in its operation it slid and fell with the boys and then collided with the Russell automobile.

Upon this inference it is suggested that a further inference may be drawn; namely, that a cause of the failure to exercise proper control was that the motorcycle was one capable of developing more than five horsepower. Drawing such inference upon this record, in our opinion, is impermissible for the reason that to so do would require basing an inference upon an inference. Rekart v. Safeway Stores, Inc., 81 N.M. 491, 468 P.2d 892 (Ct.App.1970).

We are aware that the complaint alleges that the negligence of defendants in procuring the particular motorcycle for Charles and in permitting him to operate it was a proximate cause of Jeffrey's injuries. The plaintiff argues that the record does not establish that this issue is undisputed; hence, summary judgment was not properly granted.

■ A party moving for summary judgment has the burden of establishing that material facts are not in dispute. Great Western Construction Company v. N. C. Ribble Company, 77 N.M. 725, 427 P.2d 246 (1967). Once this burden has been met by the movant, the burden is then on the opposing party to produce evidence to the contrary. Cervantes v. Forbis, 73 N.M. 445, 389 P.2d 210 (1964).

Reliance cannot be placed solely upon the allegations of a pleading. Rekart v. Safeway Stores, Inc., supra.

In our view, the record could support a question of fact as to the negligence on the part of Charles only in failing to keep a proper lookout and to keep the motorcycle under proper control. There is nothing in the record to indicate that the capacity of the motor to produce 6 horsepower in any way contributed to the failure of Charles to maintain a proper lookout or keep the motorcycle under proper control. If evidence was available to show that this capacity of the motor to produce an extra horsepower proximately contributed in any way to the happening of the accident, then plaintiff was obliged to come forward and present such evidence. In the absence thereof, the summary judgment was properly granted. See Rekart v. Safeway Stores, Inc., supra.

The summary judgment should be affirmed.

It is so ordered.

OMAN and HENDLEY, JJ., concur.