STATE of Delaware

v.

Charlotte HOLLOBAUGH.

Superior Court of Delaware, New Castle.

Oct. 25, 1972.

Daniel F. Wolcott, Jr., Deputy Atty. Gen., for the State.

Theodore F. Sandstrom, Wilmington, for defendant.

## OPINION

CHRISTIE, Judge.

The defendant, Charlotte Hollobaugh, is alleged to have driven a motor vehicle upon an A & P parking lot on or about June 20, 1972, while under the influence of intoxicating liquor in violation of 21 Del. Code § 4176(a). The defendant seeks to have the information dismissed on the ground that 21 Del.Code § 4176(a) cannot properly be applied where the offense is alleged to have occurred on private property.

A relevant statutory provision is found in 21 Del.Code § 4101(a)(2) which provides in pertinent part:

"(a) The provisions of this title relating to the operation of vehicles refer exclusively to the operation of vehicles upon highway except:

.    .    .    .    .    .

2. That the provisions of subchapter IX of this chapter shall apply upon *highways and elsewhere* throughout the State (Emphasis added)."

The statute forbidding the driving of a vehicle while under the influence of intoxicating liquor (21 Del.Code § 4176(a) is a part of Subchapter IX referred to in the above statute.

In support of the motion to dismiss the information, the defendant first directs the Court's attention to 21 Del.Code § 101 which contains definitions applicable to motor vehicle statutes. The definition of "Highway" found therein excludes private property from the scope of the term. With this as a basis, the defendant argues that Section 101 is a special statute which excludes vehicles on private property from motor vehicle regulation and that Section 4101 is a general statute which seeks to include private property within its scope. The defendant concludes the argument with the proposition that this attempted inclusion of private property within the scope of Section 4101(a)(2) must fail since the general statute is repugnant to the special statute. Such a repugnancy defendant says requires that the special statute prevail. See McHugh v. Brown, 11 Terry 154, 125 A.2d 583 (Del.Supr.1956).

The Court does not agree that the general definition is a special statute or that the specific provision of Section 4101 is a general statute. However, even if this Court assumes for purposes of the present motion that the definition of highway is a special statute and that Section 4101 is a general statute, this Court would not rule in defendant's favor since the two statutory provisions are not found to be in conflict and the clearly discernable intent of the legislature must prevail.

Two rules of statutory construction are here pertinent. The first is that effect must be given to every word, clause and sentence of a statute while the second is that whenever the legislature enacts a provision it is presumed to have had in mind the previous statutes relating to the same subject matter. See Sutherland, Statutory Construction, § 4705 and § 5201.

Applying these rules to the present situation, it is seen that the legislature chose to add the words "and elsewhere" after the word "highways" in defining the scope of certain statutes including the statute forbidding driving a vehicle while under the influence of intoxicating liquor. If possi-

ble, this Court must give effect to this language. Such effect can be given if "elsewhere" is construed to include places other than highways within its scope.

The second rule of statutory construction noted above adds support to this conclusion since it must be presumed that the legislature was aware of the fact that Section 101 *excluded* private property from the definition of "highway". Therefore, to effectuate its intent to *include* private property under the provisions of Subchapter IX of Chapter 21, the legislature found it necessary to use additional language when it enacted Section 4101(a)(2). Such additional language clearly shows the legislative intent.

This Court finds that there is no repugnancy between 21 Del.Code § 101 and 21 Del.Code § 4101(a)(2). Both statutory provisions can stand, and 21 Del.Code § 4176(a) is properly applied where the offense is alleged to have occurred on private property.

Defendant's motion to dismiss the information is denied.

It is so ordered.