**Clarence V. CARLISLE, Plaintiff,**

v.

**Charles T. WHITE, Sr. and J. B. Brye, Defendants.**

**Civ. A. No. 80–50.**

United States District Court, D. Delaware.

Aug. 16, 1982.

Edward T. Ciconte, D'Angelo, Ciconte & Roseman, Wilmington, Del., for plaintiff.

Stephen P. Casarino, Tybout, Redfearn, Casarino & Pell, Wilmington, Del., for defendant Brye.

Howard M. Berg, Howard M. Berg & Associates, Wilmington, Del., for defendant White.

OPINION

MURRAY M. SCHWARTZ, District Judge.

This action arises from an automobile accident which occurred in Wilmington, Delaware. Plaintiff Clarence Carlisle, a Florida resident, was a passenger in a vehicle driven by defendant J. B. Brye, a Delaware resident, when it struck a vehicle driven by defendant Charles T. White, also a Delaware resident. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, and the amount in controversy, exclusive of interest and costs, exceeds $10,000. Before the Court is defendant Brye's motion for summary judgment.

On a motion for summary judgment, the Court must weigh the facts in a light favoring the non-moving party, drawing all reasonable inferences to support its contentions. *Tose v. First Pennsylvania Bank, N.A.,* 648 F.2d 879, 883 (3d Cir.), *cert. denied,* —— U.S. ——, 102 S.Ct. 390, 70 L.Ed.2d 208 (1981). Plaintiff's version of the accident may be set forth briefly as follows. On the morning of August 26, 1979, Brye was driving Carlisle to his home in Wilmington after the two men had had a

3. *Cf. Mirra v. United States,* 379 F.2d 782, 787 (2d Cir. 1967).

few beers earlier at a party in Dunleith. Brye was driving north on Walnut Street, following White's car as it approached the light at the intersection of Walnut Street and A Street. Brye slowed as he approached the intersection but picked up speed when the light turned green. He then struck White's vehicle. Brye had lost sight of White's car because a thick cloud of smoke apparently emitted by White's vehicle; he could not even tell whether White's brake lights were on. An eyewitness to the accident confirmed that there was a heavy gray smoke in the immediate vicinity of the accident which blocked visibility. The officer who investigated the accident cited Brye for inattentive driving and indicated that Brye's vehicle was probably going more than 25 miles per hour at the time of the accident.

Defendant Brye contends that he is shielded from liability by the Delaware Guest Statute, and moves for summary judgment on that basis. That act provides in pertinent part:

No person transported by the owner or operator of a motor vehicle .... as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident was intentional on the part of such owner or operator or was caused by his wilful or wanton disregard of the rights of others.

Del. Code Ann. tit. 21 § 6101(a). The parties agree that Carlisle was a guest within the meaning of the statute and that Brye's actions cannot be characterized as "intentional" or "wilful." The sole issue to be decided on this motion for summary judgment is whether, based on these facts, a jury could reasonably conclude that Brye acted in wanton disregard of the rights of others.

The Court recently addressed the meaning of "wantonness" under the Delaware Guest Statute in *Van Vures v. Allied Corrugated Container Corp.*, No. 80–496 (D.Del. March 4, 1982) (memorandum opinion), noting:

The Delaware Supreme Court has defined "wantonness" under the guest statute as follows:

Wantonness does not necessarily imply any form of intent to cause the harm which results from some activity. Wanton conduct occurs when a person, with no intent to cause harm, performs an act which is so unreasonable and dangerous that he either knows or should know that there is an eminent likelihood of harm which can result. It is the "I-don't-care" attitude discussed by this Court in *McHugh v. Brown*, 11 Terry 154, 125 A.2d [583] 585.

*Wilson v. Tweed*, 209 A.2d 899, 901 (Del. 1965) (quoting *Wagner v. Shanks*, 194 A.2d 701, 706 ([Del.] 1963)). This standard is greater than momentary inadvertence or mere negligence, *Tyndall v. Rippon*, [5 Del.Super. 458] 61 A.2d 422, 425 (Del.Super.Ct.1948), and greater than gross negligence. *McHugh v. Brown*, [11 Terry 154] 125 A.2d 583, 585 (Del.1956). Nevertheless, it is clear that intent is not a prerequisite to a finding of wantonness. *See Wagner v. Shanks*, 194 A.2d 701, 706 (Del.1963), *overruling Gallagher [Gallagher] v. Davis*, [7 WW Han 380] 183 A. 620 (Del.Super.Ct.1936).

*Id.*, slip op. at 3. The question here is whether a jury could reasonably find that Brye's actions revealed such a "conscious determination to ignore consequences." *See Aastad v. Riegel*, 262 A.2d 652, 654 (Del.Super.), *modified*, 272 A.2d 715 (Del. 1970).

Each case under the Guest Statute must, of course, turn on its own facts. *Wilson v. Tweed*, 209 A.2d 899, 901 (Del.1965). In a diversity case, a federal court must predict what the Supreme Court of Delaware would do if presented with the same set of facts. A review of Delaware cases construing the Guest Statute indicates that on these facts the Delaware Supreme Court would hold as a matter of law that defendant's conduct was not wanton. For instance, in *Foster v. Shropshire*, 375 A.2d 458 (Del.1977), the Delaware Supreme Court reversed the denial of summary judgment in

favor of a defendant who had had three drinks and tried to pass a truck at 55 to 60 miles per hour; her car shook and swerved while passing and she did not decelerate. The court held that "the evidence in this record as to the defendant's conduct does not reflect the 'conscious indifference' or 'I-don't-care' attitude which is the prerequisite of wanton behavior." *Id.* at 461. Summary judgment for defendant has been held appropriate in a variety of other situations arising under the Guest Statute. *See, e.g., Rich v. Dolan,* 294 A.2d 835 (Del.1972) (per curiam) (exceeding speed limit by more than ten miles per hour on unfamiliar road); *Cucuzzella v. Bilinski,* 210 A.2d 297 (Del.1965) (minor took eyes from road when he dropped lighted cigarette on bare leg); *McHugh v. Brown,* 11 Terry 154, 125 A.2d 583 (Del.1956) (failure to observe taillights of parked car under hazardous weather conditions);[1] *Hazewski v. Jackson,* 266 A.2d 885 (Del.Super.1970) (inexperienced driver's car shimmied two or three blocks; driver did not attempt deceleration).

Here, a jury might find that Brye's conduct in driving into a thick cloud of smoke after having had a few drinks[2] was negligent. As already noted, however, negligence is not a basis for recovery under the Guest Statute. Based on the Delaware cases and the "combination of circumstances at the time and place of the accident and during the time immediately prior thereto," *Creed v. Hartley,* 199 A.2d 113, 115 (Del.Super.1962), *aff'd,* 196 A.2d 224 (Del.1963), the Court holds that no jury could reasonably find Brye's conduct to be wanton within the meaning of the Delaware Guest Statute.

Defendant J. B. Brye's motion for summary judgment will be granted.

---

[1]. There are apparently no Delaware cases which expressly address the question of whether a driver proceeding into a thick cloud of smoke may be charged with wanton conduct. Other jurisdictions considering this question have reached conflicting results. *See generally* Annot., *Liability for Motor Vehicle Accident Where Vision of Driver is Obscured by Smoke, Dust, Atmospheric Condition, or Unclean Windshield,* 42 A.L.R.2d 13 (1955). As a federal court sitting in diversity, this Court of course must determine what a Delaware court would hold on these facts.

[2]. Plaintiff does not argue that Brye was intoxicated, nor is there support in the record for such an assertion. Evidence of drinking while driving does not in itself constitute wanton conduct. *See Creed v. Hartley,* 199 A.2d 113, 115 (Del.Super.1962), *aff'd,* 196 A.2d 224 (Del. 1963).