# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTHONY YOUNGER and<br>HARRIETT YOUNGER, Individually<br>and As Husband and Wife,<br><br>    Plaintiffs,<br><br>        v.<br><br>CHARLES W. DIETZ, DELAWARE<br>DEPARTMENT OF<br>TRANSPORTATION, an agency of<br>the State of Delaware, and THE<br>STATE OF DELAWARE,<br><br>    Defendants. | ) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) | C.A. No. N18C-01-203 CLS |

Date Submitted: December 17, 2021
Date Decided: March 9, 2022

*Upon Defendant's Motion for Summary Judgment.* **DENIED.**

## ORDER

Daniel D. Martin, Esquire, Daniel D. Martin & Associates, L.L.C., Wilmington, Delaware, 19806, Attorney for Plaintiffs, Anthony and Harriett Younger.

Sarah A. Fruehaef, Esquire, State of Delaware Department of Justice, Wilmington, Delaware, 19801, Attorney for Defendants, Charles W. Dietz, Delaware Department of Transportation and the State of Delaware.

**SCOTT, J.**

1

This 9th day of March 2022, upon consideration of Defendants Charles W. Dietz, Delaware Department of Transportation, and State of Delaware's ("Defendants") Motion for Summary Judgment, and Plaintiffs Anthony and Harriett Younger's ("Mr. and Mrs. Younger") Response, it appears to the Court that:

1. On or about January 23, 2016, Mr. Charles W. Dietz ("Mr. Dietz"), employed by the State of Delaware Department of Transportation, struck Mr. Younger's car while driving a salting truck during a winter storm when Mr. Dietz was unable to stop at a stoplight. At the time of the accident, due to the weather conditions, a State of Emergency was in place.

2. On January 18, 2018, Mr. and Mrs. Younger filed a Complaint alleging Mr. Younger's personal injuries sustained as a result of the accident. Defendants filed a Motion for Summary Judgment on April 9, 2021. Mr. and Mrs. Younger filed a response on May 3, 2021. The Court granted additional time for discovery. The Defendants then filed a supplement to its brief in support of Summary Judgment on November 24, 2021, which was then answered with a supplemental brief in opposition from Mr. and Mrs. Younger on December 10, 2021. Finally, on December 17, 2021, Defendants filed their Supplemental Reply to its brief in support of Summary Judgment.

3. Defendants claims Mr. and Mrs. Younger failed to establish Mr. Dietz acted in a willful or wanton manner, or a conscious indifference or an "I-don't-care-attitude" toward plaintiff's rights.[1] Pursuant to 20 Del. C. § 3129(a), the State, any agency thereof and its employees have immunity from civil liability from injuries which occur while performing work during a state of emergency declaration, unless such injury was intentional or caused by willful and wanton conduct.[2] Defendants claim the record reflects Mr. Dietz did not see Mr. Younger until the last second, there is nothing to suggest Mr. Dietz was conscious of any risk when approaching the intersection at about 20 mph, and Mr. Dietz's inability to stop at the intersection or avoid the Mr. Younger is nothing greater than simple negligence.

4. Mr. and Mrs. Younger argue that summary judgment is not appropriate at this stage as there are genuine issues of material fact in dispute and it is for the jury, not the judge, to make factual determinations. Mr. and Mrs. Younger support their position with Mr. Dietz deposition testimony that he operated his truck for 27 hours straight before the accident and did not have any recollection of taking a significant break other than to go to a convenience

---

[1] *Fancois v. Elom*, 2017 WL 168867, at *2 (Del. Super. Jan. 17, 2017) (quoting *Eustice v. Rupert*, 460 A.2d 507, 509 (Del. 1983).
[2] 20 Del. C. § 3129(a).

store nor any record of his breaks. It was established during the deposition that Mr. Dietz suffers from sleep apnea and sometimes had daytime lethargy and the interior of his truck was often heated over 100°F. Mr. and Mrs. Younger further argued that there were many distractions present in the truck and Mr. Younger submitted an affidavit stating Mr. Dietz never looked in his direction or attempted to break when Mr. Dietz had a red light.

5. The Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."[3] The moving party bears the initial burden of showing that no material issues of fact are present.[4] Once such a showing is made, the burden shifts to the non-moving party to demonstrate that there are material issues of fact in dispute.[5] In considering a motion for summary judgment, the Court must view the record in a light most favorable to the non-moving party.[6] The Court will not

---

[3] Super. Ct. Civ. R. 56(c); *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).
[4] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[5] *Id.* at 681.
[6] *Burkhart*, 602 A.2d at 59.

4

grant summary judgment if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law.[7]

6. Defendants claim Mr. and Mrs. Younger's case fails because Mr. and Mrs. Younger have not demonstrated Mr. Dietz conduct was willful or wanton. The Court disagrees with the Defendants' argument. In viewing the evidence in a light most favorable to Mr. and Mrs. Younger, there are genuine issue of fact as to Mr. Dietz's conduct.

7. Defendants claim Mr. Dietz's conduct was nothing more than simple negligence, that the record reflects Mr. Dietz did not see Mr. Younger until the last second, there is nothing to suggest Mr. Dietz was conscious of any risk when approaching the intersection at about 20 mph, and Mr. Dietz's inability to stop at the intersection or avoid the Mr. Younger was mere negligence. However, there is evidence to the contrary, Mr. Younger's testimony is that Mr. Dietz did not look in his direction before the accident happened nor did he break.

8. In addition, in Mr. Dietz deposition, when asked about how many hours he worked before the accident occurred, he said 27 hours without a significant

---

[7] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *Phillip-Postle v. BJ Prods., Inc.*, 2006 WL 1720073, at *1 (Del. Super. Ct. Apr. 26, 2006).

break. However, at the end of the deposition when defense counsel had the opportunity to clarify the number of hours Mr. Dietz worked, he stated his likely took a break from 6pm-11pm, however, there would be no record of such a break. There is a clear discrepancy between the two responses relating to a material fact as driving for 27 hours would be unreasonably dangerous.

9. In addition to this Court finding there are genuine disputes of material fact, the Delaware Supreme Court has held a question of whether an actor's conduct was wanton is a question of fact for the jury.[8] Based on the testimony and evidence relied upon for the Motion for Summary Judgment, a jury could responsibly find Mr. Dietz operated the truck in a willful or wanton manner so Summary Judgment is improper. For the foregoing reasons, Defendant's Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

---

[8] *Green v. Millsboro Fire Co., Inc.*, 403 A.2d at 290 (Del. 1979). See also *Wilson v. Tweed*, 209 A.2d 899, 901 (Del. 1965).