Leo A. LALA, Jr., Appellant,

v.

PEOPLES BANK & TRUST COMPANY OF CEDAR RAPIDS, Iowa, and Lawrence McGrath, Appellees.

No. 86–1224.

Supreme Court of Iowa.

March 16, 1988.

Keith E. Uhl of Scalise, Scism, Sandre & Uhl, Des Moines, for appellant.

James Pickens of Pickens, Barnes & Abernathy, Cedar Rapids, for appellees.

Considered by SCHULTZ, P.J., and LAVORATO, NEUMAN, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

Both parties appeal from the judgments of the district court following a jury trial upon plaintiff's claims that the defendants had negligently allowed his stamp collection to be removed from a safety deposit box in defendant's bank. The jury awarded the plaintiff both compensatory and punitive damages. The defendants' motion for a judgment notwithstanding the verdict was denied as to the compensatory damage award but was granted as to the punitive damage award. The defendants' motion for new trial was also denied. We affirm.

I. *Background.*

The plaintiff in this case is Leo A. Lala, Jr. The defendants (Bank) are Peoples Bank and Trust Company of Cedar Rapids and Lawrence McGrath, an officer of the bank. On January 17, 1978, Lala rented a safe deposit box from the defendant Bank and placed a stamp collection in the deposit box. The plaintiff was the only person authorized the right of access to the safe deposit box and he was given a key for the deposit box. On May 7, 1979, the plaintiff's wife, Donna, presented the safety deposit key to the Bank, signed the safe deposit box admission record, and she was permitted access to the deposit box. The stamp collection was then removed from the box and delivered to Othen (Otto) Sels. Donna Lala testified that she received a phone call from an "unknown, yet trusted source" that directed her to bring the safety deposit box key to the bank and meet with Sels. After the stamp collection was

removed, Donna Lala closed out the safety deposit box rental and returned the key to the Bank. She testified she had no authorization from her husband to enter the safety deposit box and remove the stamp collection. It was several months later that she told him and he became aware the stamp collection had been removed from the Bank safety deposit box and delivered to Sels.

On April 30, 1981, Lala brought suit against the Bank based on the unauthorized removal of his stamps from the safety deposit box. The court bifurcated the trial and submitted first the issue of ownership of the stamp collection. The Bank claimed that Lala was not the owner of the stamp collection, but that he was holding them for Sels, a resident of West Germany. Sels had inherited a large stamp collection. Some of the stamps were liquidated, some were sent to England for safekeeping, and some were delivered to Lala. Sels testified the stamps were delivered to Lala for safekeeping, and that he, Sels, was the owner. Lala testified Sels had given the stamps to him as a gift. Sels and Lala had a long time friendship and business relationship. They had socialized together and had exchanged gifts in the past.

The jury found Lala was the owner of the stamps that had been removed from the safety deposit box on May 7, 1979. Both parties then offered additional evidence to the jury upon the negligence claim. This included evidence of the defendant bank's net worth and evidence relating to a separate lawsuit between Lala and Sels. The jury found the Bank negligent and fixed the value of the stamps at $15,000. They apportioned the negligence ninety percent to the Bank and ten percent to the plaintiff. They also awarded punitive damages of $38,500. The trial court entered judgment for the plaintiff for $13,500, and set aside the judgment for the plaintiff for punitive damages.

## II. *Scope of Review.*

Our review is for correction of errors of law. Iowa R.App.P. 4. After the jury rendered its verdict in favor of the plaintiff and awarded both actual and punitive damages, the Bank moved for judgment notwithstanding the verdicts. A motion for judgment notwithstanding the verdict must stand on grounds raised in the motion for a directed verdict. On appeal, review by the appellate court is limited to those grounds raised in the directed verdict motion. When considering the motion, the court must view the evidence in a light most favorable to the party against whom the motion is directed, in this case, the plaintiff. If, under this view of the evidence, there is substantial evidence in support of the plaintiff's claims, the motion for judgment notwithstanding the verdict should be denied. If there is no substantial evidence in support of the elements of the plaintiff's claim, a judgment notwithstanding the verdict in defendant's favor is appropriate. *Valadez v. City of Des Moines*, 324 N.W.2d 475, 477–78 (Iowa 1982). The question is whether the evidence, taken in a light most favorable to the party resisting the motion and taking every legitimate inference that might be fairly or reasonably deducted therefrom, showed that the movant was entitled to a directed verdict at the close of all evidence. *Suss v. Schammel*, 375 N.W. 2d 252, 255 (Iowa 1985).

## III. *Issues.*

The parties raise three issues on appeal. First, did the district court err in setting aside the judgment for punitive damages? Second, did the court err in not granting a new trial because evidence of the net worth of the defendant Bank had been allowed? Third, did the court err in not granting a new trial because evidence of the amount paid by Sels in settlement of an unrelated lawsuit brought by Lala against Sels had been allowed?

Although the Bank questioned whether the plaintiff offered sufficient evidence to support his claim of ownership of the stamps and sufficient evidence of their value, these concerns were not identified as distinct issues in the Bank's brief, nor did the Bank cite authority to support its claims. Failure to state an issue or provide authority in support of that issue in a brief may be deemed waiver of that issue. Iowa

R.App.P. 14(a)(3); *Hubby v. State*, 331 N.W.2d 690, 694 (Iowa 1983) ("random discussion of difficulties, unless assigned as an issue, will not be considered"). Because the Bank did not properly state or support these concerns, we will not consider them on appeal.

## IV. *Punitive Damages.*

■ Punitive damages are awarded as punishment and as a deterrent to the wrongdoer and others. These damages are incidental to the main cause of action and are not recoverable as of right. *See Pringle Tax Serv., Inc. v. Knoblauch*, 282 N.W.2d 151, 154 (Iowa 1979). Punitive damages are justified when a defendant acts maliciously. *See Beeck v. Aquaslide 'N' Dive Corp.*, 350 N.W.2d 149, 167 (Iowa 1984). Malice may be actual (express), such as personal spite, hatred, or ill will, or it may be legal (implied), such as when the defendant acts illegally or improperly with willful or reckless disregard for another's rights. *Klooster v. North Iowa State Bank*, 404 N.W.2d 564, 572 (Iowa 1987); *Beeck* 350 N.W.2d at 167. We must determine whether the district court correctly found that there was insufficient evidence to support an award of punitive damages.

■ We conclude after review of the record that the plaintiff failed to establish malice, actual or legal, on the part of the Bank. They did not lure Donna Lala to the bank or entice her to remove the stamp collection. The Bank had no dealing with the stamps after their removal. The Lalas were on good social terms with bank officers and there was no ill will between them. Although the Bank may have been negligent, its conduct was not so improper as to raise any inference of malice. More than negligence must be shown. We agree with the trial court's finding that there was insufficient evidence to justify submission of the punitive damage claim. The plaintiffs offered evidence that the value of the stamp collection was $75,000; the Bank offered evidence that the value did not exceed $4000. The jury was instructed the measure of damages for the loss of the stamps was the fair and reasonable market value of the stamps. The jury was instructed that in awarding punitive damages they could consider the amount of damages that would punish and have a deterrent effect on the defendant in light of the defendants' financial condition.

■ In *Hall v. Montgomery Ward & Co.*, 252 N.W.2d 421, 424 (Iowa 1977), we held evidence of the defendant's net worth is admissible to aid the jury in determining punitive damages. In *Hoekstra v. Farm Bureau Mut. Ins. Co.*, 382 N.W.2d 100, 109-10 (Iowa 1986), evidence of defendant's net worth was admitted upon plaintiff's claim of tortious infliction of emotional distress. Although the jury rejected this claim, it did return plaintiff's verdict on a breach of contract claim. We rejected the Bank's claim that the jury might have improperly considered defendant Bank's net worth when determining liability on the contract claim. We held it was not error for evidence of net worth to be admitted where the plaintiff seeks and the evidence supports punitive damages. We decline to adopt a per se rule that would require a new trial in all cases where net worth is allowed upon a punitive damage claim that is then set aside by action of either the trial court or upon appeal. We do not find the jury improperly used the evidence of net worth in determining the plaintiff's claim for compensatory damages.

## VI. *Evidence of Settlement Between Lala and Sels.*

On cross-examination of Lala, the Bank introduced evidence, including a copy of the petition, of a separate law suit commenced by Lala against Sels and others regarding a land contract transaction. In rebuttal, the plaintiff introduced evidence, over the Bank's objection, that the separate law suit had been dismissed and Lala had been paid $75,000 in settlement. The Bank's claim this evidence was irrelevant and that any probative value would be exceeded by its prejudicial effect. The plaintiff contends the Bank had opened the door by offering evidence of the separate law suit.

■ We recognized the doctrine of curative admissibility. This doctrine provides that when one party introduces inadmissible evidence, with or without objection, the trial court may allow the adverse party to offer otherwise inadmissible evi-

dence on the same subject if it is responsive to the evidence in question. *See Vine Street Corp. v. City of Council Bluffs*, 220 N.W.2d 860, 864 (Iowa 1974); *see also* E. Cleary, *McCormick on Evidence* § 57 (3rd ed. 1984). The Bank's introduction of evidence of the unrelated law suit may have suggested the plaintiff was engaged in filing frivolous lawsuits or that he either was not the owner of the stamps, that he did not feel they were valuable, or both. The plaintiff's evidence of the amount of settlement and that he had preserved his claim for loss of the stamps responded to this suggestion.

The circumstances of this case illustrates the risks involved when a party offers evidence of questionable relevancy and which may be unfairly prejudicial or may confuse the issues. Once the evidence of the separate lawsuit offered by the defendant was received, the court could allow the plaintiff to introduce additional evidence in response under the curative admissibility rule.

## V. *Disposition.*

The trial court did not err in granting judgment for the Bank on Lala's claim for punitive damages. Nor did the court err in denying the Bank's motion for judgment on Lala's claim for compensatory damages.

AFFIRMED.