**Mahmoud SERAJI, and Mehri Seraji, Appellees,**

v.

**Michael Allen PERKET and Lenertz, Inc., Appellants.**

**No. 88–1470.**

Supreme Court of Iowa.

March 21, 1990.

**400**

James A. Lorentzen and Michael D. Huppert of Patterson, Lorentzen, Duffield, Timmons, Irish, Becker & Ordway, Des Moines, for appellants.

Philip A. Reisetter and Gregg A. Geerdes, Iowa City, for appellees.

Considered by HARRIS, P.J., and SCHULTZ, LAVORATO, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

On March 26, 1984, a truck owned by Lenertz Inc. (Lenertz) and operated by one of its employees, Michael Allen Perket, collided with a car driven by Mahmoud Seraji. Seraji was seriously injured and brought suit against both Perket and Lenertz. The jury awarded Mahmoud Seraji, $147,800.76, his wife, Mehri Seraji, $20,000, and his child, Mauni Seraji, $5000 compensatory damages from both Lenertz and Perket. Although the trial court instructed the jury that it could award punitive damages against both defendants, the jury awarded such damages only against Lenertz, Inc. The punitive damage award was $80,000.

The accident occurred as Perket, southbound on highway 6 and 218 in Iowa City, attempted to stop for a traffic light. The truck jackknifed across the median, and the rear portion of the trailer struck the northbound car driven by Seraji. Although Perket felt a bump at the time of the accident, he believed that it was caused by the trailer bouncing across the median. Not realizing that his jackknifed trailer had struck the Seraji automobile, he continued on his way and only learned of the accident sometime later, when apprised of it by Lenertz.

Lenertz appeals from that portion of the judgment awarding punitive damages, urging reversal on two grounds. First, Lenertz contends that Iowa law does not allow the award of punitive damages against an employer when the conduct of its employee is found to be merely negligent. Secondly, it argues that even if punitive damages are properly assessed against an employer in such a situation, the award in this case was not supported by substantial evidence.

Lenertz first contends that the jury instructions in this case allowed punitive damages to be assessed against it only if its employee, Perket, had been found responsible for such damages. This case, it argues, was tried under the theory that Perket acted with legal malice, and that such malice could be imputed to Lenertz. It concludes that the instructions correctly tracked this court's decision in *Briner v. Hyslop*, 337 N.W.2d 858 (Iowa 1983), which, it urges, stands for the proposition that an employer may not be held liable for punitive damages because of the acts of its employee, unless the employee is also held liable for such damages.

In *Briner* this court adopted the so-called complicity rule for determining whether an employer may be held liable for punitive damages in conjunction with the acts of one of its agents. *Id.* at 867. The premise adopted by Lenertz in arguing that

it may not be held liable for punitive damages is that the rule adopted in *Briner* is one of vicarious liability. Since the conduct of its employee was found to constitute simple negligence, it reasons, only simple negligence may be imputed to the company. As a result, Lenertz contends it cannot be held liable for punitive damages.

Punitive damages may be awarded upon a showing of legal malice. *Midwest Management Corp. v. Stephens*, 353 N.W.2d 76, 82 (Iowa 1984). Such malice may be proven by showing that a defendant acted with personal spite, hatred, or ill will. *Lala v. Peoples Bank and Trust Co. of Cedar Rapids*, 420 N.W.2d 804, 807 (Iowa 1988). The requisite malice also may be implied from circumstances when a defendant has acted illegally or engaged in wrongful conduct with a reckless disregard for the rights of the plaintiff. *Id.; Barnhouse v. Hawkeye State Bank*, 406 N.W.2d 181, 184 (Iowa 1987).

An award of punitive damages is intended both to punish and deter such conduct. *Briner*, 337 N.W.2d at 865. This court has established that these purposes would not be well served by a rule that granted punitive damages against an employer whose own conduct did not constitute legal malice. *Id.* at 865–66. We declined to adopt the so-called "course of employment rule" because its application might lead to assessment of punitive damages against an "innocent" employer. *Id.*

When an employer has engaged in culpable conduct, however, our decision in *Briner* allows the imposition of punitive damages. The Restatement rule adopted in Briner grants punitive damages to punish and deter such conduct by the employer. The rule states:

> Punitive damages can properly be awarded against a master or other principal because of an act by an agent if, but only if:
>
> (a) the principal authorized the doing and the manner of the act, or
>
> (b) the agent was unfit and the principal was reckless in employing him, or

> (c) the agent was employed in a managerial capacity and was acting in the scope of his employment, or
>
> (d) the principal or the managerial agent of the principal ratified or approved the act.

Restatement (Second) of Torts § 909 (1979).

■ The four alternatives presented by the Restatement rule set out the type of conduct by the employer that constitutes legal malice. It logically follows that the employer should not be insulated from punitive damages when he or she has acted with legal malice, while the act of the employee which gave rise to the tort claim was merely negligent. *Cf. Wilson N. Jones Memorial Hosp. v. Davis*, 553 S.W.2d 180, 181–82 (Tex.Civ.App.1977). It is the reckless conduct of the employer that the rule seeks to punish and deter.

■ We find that the relevant jury instructions were compatible with this principle. It is in fact quite clear that the trial court correctly instructed the jury that it could find Lenertz liable for punitive damages based upon its own reckless conduct. Instruction number 13, dealing with liability for punitive damages as it related to Lenertz, states as follows:

> Punitive damages may be awarded against a principal such as the Defendant, Lenertz, because of an act by an agent if the agent was unfit and the Defendant was reckless in employing him or retaining him in its employment.

This instruction tracks alternative (b) of Restatement (Second) of Torts section 909. It clearly indicates that punitive damages may be assessed against an employer because of the employer's own recklessness in hiring an unfit employee, if an act by that employee results in damages to a third party. The instruction focuses upon legal malice on the part of the employer, and does not require such malice on the part of the employee. It is completely consistent with our adoption of the complicity rule in *Briner*. The jury was properly instructed on the relevant law.

As the foregoing discussion indicates, the Serajis' claim for punitive damages against Lenertz is predicated upon the alle-

gation that it was reckless in employing and retaining an unfit employee, Perket. The assertion adopts alternative (b) of Restatement (Second) of Torts section 909 as the basis for liability. Lenertz's second and final assignment of error claims that the jury's conclusion that it was reckless in employing Perket was unsupported by substantial evidence.

Facts adduced at trial on the issue revealed that Lenertz did not check Perket's record with previous employers prior to hiring him. The company did, however, check with those employers shortly after Perket's employment began. The record reflects the fact that Perket's previous employers were noncommittal when asked if they would employ him again, and one company assessed his driving capabilities as "fair." Perket's employment application further reflected that he had left one of his previous employers because of his driving record.

The Serajis presented evidence that Perket's driving record prior to employment with Lenertz was not good. Upon investigation of Perket's driving record, the company learned that his license had been revoked on at least one occasion, that he had been convicted of speeding on at least four occasions, and that he had also been convicted of driving without a license. The Serajis conclude that Lenertz exhibited reckless conduct in failing to delve more deeply into Perket's driving and employment record at the time of hiring.

The Serajis also presented evidence of Perket's driving record while employed by the company. They introduced evidence showing that he had been convicted of moving violations on two occasions in 1983, and introduced letters of reprimand from Lenertz regarding three minor "avoidable" accidents that Perket was involved in. The Serajis argue that Perket was a "loose cannon," roaming the highways without much regard for the safety of others. They conclude that, had Lenertz more closely checked into Perket's background and more closely monitored his performance, it would have known he was unfit to practice his trade.

It is clear, however, that these failures did not constitute reckless conduct of the type contemplated by our decision in *Briner*. An employer acts with reckless disregard if it intentionally does or fails to do something it has a duty to do or not to do. *Cf. Meyer v. Nottger*, 241 N.W.2d 911, 918–19 (Iowa 1976). An employer also acts recklessly if it realizes that there is a strong probability that certain consequences will result from an act or that a reasonable person in its position would know of that probability. *See Thompson v. Bohlken*, 312 N.W.2d 501 at 505 (Iowa 1981).

■ The Serajis argue that Lenertz's decision not to follow up on the experience that previous employers had with Perket were part of a reckless course of conduct on the part of the company. The Serajis have shown no duty on the part of Lenertz to check more closely into Perket's driving or employment record prior to hiring him. While the record reflects the fact that the procedures used by Lenertz in checking the background of its drivers were quite stringent at the time of trial, the Serajis made no showing that the company was operating under those policies at the time Perket was first employed. Testimony indicated that the Company's procedure in checking Perket's past employment and driving record was entirely consistent with all federal and state requirements. Furthermore, the Serajis made no showing that the events surrounding Perket's hiring constituted a violation of company policy. There is also no showing that a reasonable person in Lenertz's position would have known that Perket was unfit. Finally, the traffic accidents that Perket was involved in while in Lenertz's employ were of a minor nature, especially in the context of the many thousands of miles driven by an over-the-road truck driver during the course of several years. The evidence adduced by the Serajis shows that Lenertz was at most negligent in hiring and retaining Perket. Its conduct does not show the type of reckless disregard for the safety of others that justifies punitive damages. Accordingly, the decision of the court of appeals is af-

firmed, the trial court judgment reversed on the matter of punitive damages, and the case remanded for entry of judgment consistent with this opinion.

DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.