**Stephen O'BRIEN, Plaintiff,**

v.

**DELAWARE OLDS, INC., a Delaware Corporation, and Martin T. Spencer, Defendants.**

**Civ. A. No. 92–457 MMS.**

United States District Court, D. Delaware.

Oct. 6, 1993.

Richard A. Zappa, of Young, Conaway, Stargatt & Taylor, Wilmington, DE, for plaintiff.

David E. Brand, of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, DE, for defendants.

## OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

## I. INTRODUCTION

Plaintiff Stephen O'Brien ["plaintiff"] has filed suit against defendant Martin T. Spencer ["Spencer"] for personal injuries arising out of a motor vehicle accident which occurred while Spencer was operating a vehicle within the course and scope of his employment for defendant Delaware Olds, Inc. ["Delaware Olds"]. Plaintiff alleges Spencer operated the Delaware Olds vehicle negligently and recklessly and that Delaware Olds was negligent and reckless in employing Spencer as a shuttle driver. Plaintiff has moved that his proffered evidence establishes a prima facie basis for a jury to find Delaware Olds recklessly employed Spencer as a shuttle driver. Accordingly, plaintiff requests the claim of Delaware Olds' recklessness be submitted to the jury.

For the following reasons, the Court will deny plaintiff's motion.

1. At the time Delaware Olds promoted Spencer to driving the company shuttle, he had ten points on his driving record: five points for going 70 m.p.h. in a 55 m.p.h. speed zone on December 12, 1988, and five points for going 56 m.p.h. in a 40 m.p.h. speed zone on March 13, 1990. D.I. 49 at A162.

2. At the time Delaware Olds reinstated Spencer to the shuttle drivers position, he had sixteen

## II. FACTUAL BACKGROUND

On February 16, 1989, Delaware Olds hired Spencer for part-time janitorial work. D.I. 49 at A42–A44. By April 1990, Delaware Olds promoted Spencer to a full-time position as a shuttle bus driver. *Id.* at A45. On April 6, 1990, the Delaware Division of Motor Vehicles ("DMV") suspended Spencer's license for failure to have proper insurance on his personal vehicle. Delaware Olds sent a letter on Spencer's behalf to DMV asking DMV to reinstate Spencer's license because his duties at Delaware Olds required him to drive. *Id.* at A57, A186. No one at Delaware Olds could confirm that its personnel reviewed Spencer's driving record prior to his promotion to the position of driving the company shuttle.[1] *Id.* at A62, A127–A129.

On January 14, 1991, Delaware Olds issued a written reprimand to Spencer for his "driving conduct and speed" while operating the company shuttle. *Id.* at A195. Delaware Olds based this reprimand on an anonymous telephone complaint and the personal observation of one of its officers that Spencer was driving too fast in the shuttle. *Id.* at A79–A84. Pursuant to the reprimand, Delaware Olds suspended Spencer from driving the shuttle, reduced his daily working hours, and placed him on probation for ninety days. *Id.* at 163. Delaware Olds asserts that because in all other respects Spencer had been an employee in good standing with the company, he was reinstated to his shuttle driver position on May 9, 1991. *Id.* at A140. Despite recognizing a poor driving record as a disqualifying factor for shuttle drivers, no one at Delaware Olds could confirm whether Spencer's driving record was examined at the time he was reinstated.[2] *Id.* at A62, A119, A144.

On June 20, 1991, Spencer, while operating the Delaware Olds' vehicle, ran through a red traffic light on NorthEast Boulevard and

points on his driving record: five points for going 70 m.p.h. in a 55 m.p.h. speed zone on December 12, 1988; five points for going 56 m.p.h. in a 40 m.p.h. speed zone on March 13, 1990; four points for going 43 m.p.h. in a 30 m.p.h. speed zone on August 31, 1990; and two points for not having a valid license on December 29, 1990. D.I. 49 at A162.

struck plaintiff's vehicle. *Id.* at A1–A4. Two eyewitnesses assert Spencer was speeding when he ran the red light. *Id.* at A6–A7, A15. Later that same day, Delaware Olds terminated Spencer's employment. *Id.* at A150.

## III. DISCUSSION

▓▓▓ In analyzing the legal issues raised by plaintiff's motion, a federal court whose jurisdiction is predicated upon diversity of citizenship must apply the substantive law of the forum state. *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Court, therefore, will apply Delaware law to determine whether plaintiff's proffered evidence establishes a prima facie basis for a jury to determine that Delaware Olds was reckless in employing Spencer to drive the company shuttle.[3] The claim must be submitted to the jury where a reasonable inference justifying a finding of reckless indifference can be drawn from the facts. *Eustice v. Rupert,* 460 A.2d 507, 509 (Del. 1983).

The Delaware Supreme Court has strongly encouraged courts to "test the legal sufficiency of such claims [of recklessness] where an appropriate motion to that effect has been tendered." *Jardel Co. v. Hughes,* 523 A.2d 518, 528 n. 6 (Del.1987). Accordingly, Delaware courts frequently find, as a matter of law, that particular conduct does not constitute reckless indifference.[4]

▓▓▓ Delaware defines recklessness as "conscious indifference to the rights of others." *Id.* at 530. Specifically, the facts must show both an act and "the perception the actor had or should have had of the risk of harm which his conduct would create." *Id.* The court in *Jardel* also observed:

Where the claim of recklessness is based on an error of judgment, a form of passive negligence, the plaintiff's burden is substantial. It must be shown that the precise harm which eventuated must have been reasonably apparent but consciously ignored in the formulation of the judgment.

*Id.* at 531. Essentially, conscious indifference is an "I don't care" attitude. *Craig v. A.A.R. Realty Corp.,* 576 A.2d 688, 697 (Del.Super.Ct.1989), *aff'd,* 571 A.2d 786 (Del. 1990).

▓▓▓ Plaintiff's motion is predicated upon Delaware Olds' failure to investigate Spencer's driving record and the decision to allow Spencer to return to driving the shuttle after the reprimand of January 14, 1991. Because both acts constitute alleged errors in judgment, plaintiff has the substantial burden of showing the possibility of an automobile accident was reasonably apparent but consciously ignored by Delaware Olds.

▓▓▓ While Delaware Olds' personnel have acknowledged sound business practice would require an investigation into the driving record of any employee hired to drive the company shuttle, there is no evidence Delaware Olds ever had knowledge of the numerous traffic violations to which plaintiff directed the Court's attention.[5] The only violation of which Delaware Olds had knowledge was Spencer's failure to carry insurance on his automobile, in response to which Delaware Olds sent a letter to DMV requesting he be issued a license for work purposes. Allowing an individual who had been cited for an insurance violation to drive a company vehicle does not reflect reckless disregard for the possibility of an automobile accident.

Secondly, plaintiff asserts Delaware Olds' decision to allow Spencer to drive the shuttle

---

**3.** Under Delaware law, a finding of recklessness has two important consequences. First, if defendant's conduct is reckless, the defense of comparative negligence does not apply. *Koutoufaris v. Dick,* 604 A.2d 390, 399 (Del.1992). Secondly, a finding of recklessness allows the trier of fact to impose punitive damages. *Jardel Co. v. Hughes,* 523 A.2d 518, 529 (Del.1987).

**4.** *See, e.g., Koutoufaris v. Dick,* 604 A.2d 390 (Del.1992); *Jardel Co. v. Hughes,* 523 A.2d 518

(Del.1987); *Foster v. Shropshire,* 375 A.2d 458 (Del.1977); *Hazewski v. Jackson,* 266 A.2d 885 (Del.Super.Ct.1970); *Carlisle v. White,* 545 F.Supp. 463 (D.Del.1982).

**5.** The Court specifically does not decide whether plaintiff would have established a prima facie basis for a jury to find Delaware Olds recklessly employed Spencer if plaintiff had shown Delaware Olds had actual knowledge of Spencer's driving record.

after the written reprimand constitutes reckless indifference to the physical well-being of other drivers. The evidence shows Delaware Olds reprimanded Spencer and suspended him from driving the shuttle for almost four months based on one personal observation that Spencer was driving "a little fast" and one anonymous telephone complaint. This response does not demonstrate an "I don't care" attitude, but a measured response to inappropriate employee conduct.

Based on these complaints and Delaware Olds' response, it cannot be said that Delaware Olds consciously ignored the possibility of an automobile accident. First, the evidence of speeding upon which Delaware Olds reprimanded Spencer would not reasonably lead the company to conclude Spencer would enter an intersection against a red traffic light and collide with another vehicle. Secondly, the decision to reprimand Spencer, decrease his working hours and suspend his driving duties indicates Delaware Olds was concerned with preventing further instances of speeding.[6] Such action, as a matter of law, is not indicative of an "I don't care" attitude.

## IV. CONCLUSION

For the foregoing reasons, the Court will decline plaintiff's invitation to instruct the jury that defendant may be found to have engaged in reckless conduct in entrusting the driving of its shuttle to defendant Spencer.

---

6. Cf. Seraji v. Perket and Lenertz, Inc., 452 N.W.2d 399 (Iowa 1990) (holding jury's conclusion that employer was reckless in hiring driver was unsupported by substantial evidence where: (1) the driver's employment application indicated he had left a prior position because of his driving record; (2) the company knew his license had been revoked on one occasion, that he had been convicted of speeding on four occasions, and that he had been convicted of driving without a license; and (3) the driver received letters of reprimand from the employer regarding three "minor 'avoidable' accidents").