CLAYMONT SCHOOL DISTRICT and Archie F. Rapposelli, James M. T. Scanlan, James J. Elder, John C. Fannin, Jr. and Margaret M. Reese, as and constituting the Board of Education of Claymont School District, Defendants, Appellants,

v.

Jeffrey P. BECK and Harry R. Beck, Plaintiffs, Appellees.

No. 259.

Supreme Court of Delaware.

Submitted Jan. 15, 1980.

Decided Aug. 5, 1980.

James T. McKinstry (argued) and David B. Stratton, of Richards, Layton & Finger, Wilmington, for defendants, appellants.

Arthur Inden, Richard A. Levine (argued) and David C. McBride (argued), of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiffs, appellees.

Before DUFFY, McNEILLY and QUILLEN, Justices.

PER CURIAM:

This appeal is from an interlocutory order of the Superior Court entered on cross motions for summary judgment, determining, in effect, that the Claymont School District does not share in the State's sovereign immunity and thus is not immunized from this tort suit by that principle. On that issue, the Court entered partial summary judgment for plaintiffs and the School District then docketed this appeal.*

This claim is for personal injuries sustained by a minor in 1974 while he was riding a motorcycle on school property. The facts are stated in the Trial Court opinion, *Beck v. Claymont School Dist.*, Del. Super., 407 A.2d 226 (1979), to which reference is made.

In this Court, the School District argues that it is an agency of the State and, as such, it is entitled to assert the defense of sovereign immunity as a bar to the action, that it is immunized from suit even if it is not a State agency and that immunity has not been waived.

All of these contentions were carefully considered by the Superior Court in its complete opinion, and we affirm its judgment, as reflected in the following summary:

"The legislative history of local school district autonomy reflects a mixed pattern. But, the foregoing analysis of the relationship between the local school district and its political parent, the State, leads to the conclusion that local school districts, in many aspects of their operation, are autonomous political subdivisions particularly with respect to the ownership and management of school property. This control, engrafted upon their ability to sue and be sued, renders them responsible entities .... The historical treatment of that status by the General Assembly constitutes a waiver of such sovereign immunity as might otherwise attach to a State agency."

407 A.2d at 231. In this case, we affirm the decision of the Superior Court and find sovereign immunity has been waived.

We note that the result reached appears facially consistent with present public policy, as announced in the Tort Claims Act when gross or wanton conduct is alleged. 10 *Del.C.* § 4001, etc., effective July 8, 1978, amended July 5, 1979. By its specific terms

---

* We accepted the appeal. See Supreme Court Rule 42.

that Act applies to school districts, § 4003, and, implicitly, seems to permit a suit when the "act or omission complained of was done ... [with] gross or wanton negligence." § 4001(3). Here, the complaint alleges "willful or wanton" negligence on the part of the School District and thus, as a matter of pleading, it would appear to be within the express purview of the Act. We, however, reach no conclusion about the significance of the Act.

Affirmed.