William SMITH, as Next Friend of and Guardian of Eric Smith, a minor, and William A. Smith, Colin R. Smith, Janet E. Smith, Jacqueline A. Smith, Individually, Plaintiffs,

v.

**COMMISSIONERS OF DEWEY BEACH, a municipality, Defendant.**

Civ. A. No. 86–393–JLL.

United States District Court, D. Delaware.

May 5, 1988.

---

**434**

Douglas A. Shachtman, Wilmington, Del., and Ronald R. Gilbert, Detroit, Mich., for plaintiffs.

Myron T. Steele and Kevin M. Howard of Prickett, Jones, Elliott, Kristol & Schnee, Dover, Del., for defendant.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

### I. INTRODUCTION

William Smith brought this action, as next friend and guardian of Eric Smith, against the Commissioners of Dewey Beach ("Dewey Beach"), a municipality, and the Director of Parks and Recreation of the State of Delaware. William Smith and his wife, Gail Smith, along with their other children, William A. Smith, Colin R. Smith, Janet E. Smith and Jacqueline A. Smith, all sued individually. The Court previously granted a motion to dismiss all claims against the Director of Parks and Recreation of the State of Delaware. *Smith v. Town of Dewey Beach,* 659 F.Supp. 752 (D.Del.1987). Presently before the Court is Dewey Beach's motion for summary judgment.

The facts in this case are unfortunate but straightforward. On August 26, 1984, plaintiff Eric Smith walked down to the ocean off Dewey Beach, Delaware. After taking a few steps down the beach, Eric dove into the ocean and hit his head on the ocean floor. (Docket Item ["D.I."] 34A at 2.) As a result of striking the sand, Eric fractured his neck and suffered injury to his spinal cord which left him a quadraplegic. (D.I. 34A at 3.) Eric has incurred substantial medical and hospital expenses, and allegedly has sustained a loss of earning capacity. (D.I. 1 at 4.)

Plaintiffs' complaint set forth three counts as the basis for recovery against defendant. In Count I, plaintiffs contend that the incident "was directly and proximately caused by the negligent acts and/or omissions of the [d]efendants." (D.I. 1 at 3.) Count II alleges that the defendant knew of the dangerous condition of the ocean and had the ability to alleviate this condition. (*Id.* at 4–5.) The plaintiffs further claim that the defendant's failure to take any actions under such circumstances constitutes gross negligence and willful and wanton misconduct. (*Id.* at 5.) The third count alleges that defendant's failure to dredge Dewey Beach or take other steps to ensure that the Beach was at a safe level constituted an intentional failure to act which created an intentional defect and public nuisance. (*Id.* at 5–6.)

For the reasons set forth below, the Court concludes that the plaintiffs' claims are barred by the Municipal Tort Claims Act, 10 *Del.C.* § 4010 *et seq.* Accordingly, the Court will grant defendant's motion for summary judgment on all pending claims.

## II. DISCUSSION

Defendant argues that as a municipality, Dewey Beach is immune from suit under 10 *Del.C.* § 4010 *et seq.* (D.I. 34 at 3.) Section 4011(a) provides that: "Except as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages." Under § 4010(2), a "governmental entity" includes "any municipality created by a special act of the General Assembly." Defendant contends that it is within this definition because it is a municipality created by the General Assembly under 63 Delaware Laws, Chapter 59 (approved June 29, 1981). (D.I. 34 at 3.) As the plaintiffs do not dispute that defendant qualifies as a municipality, Dewey Beach would appear to have immunity from liability for these claims unless this action falls under one of the exceptions to immunity outlined in §§ 4011 and 4012.

■ Plaintiffs argue that under § 4011(c) there is an exception to immunity when defendant's conduct amounts to wanton negligence. (D.I. 37 at 3.) Plaintiffs' complaint charges that defendant's failure to alleviate the alleged dangerous condition of Dewey Beach constituted willful and wanton misconduct. (D.I. 1 at 5.) Section 4011(c) provides:

> An employee may be personally liable for acts or omissions causing property damage, bodily injury or death in instances in which his or her governmental entity is immune under this section, but only for those acts which were not within the scope of employment or which were performed with wanton negligence or willful and malicious intent.

Plaintiffs' reliance on § 4011(c) is misplaced. By its terms, § 4011(c) clearly only applies to employees of governmental entities, not to the entities themselves. *Farris v. Moeckel,* 664 F.Supp. 881, 896 (D.Del. 1987). Consequently, the Court finds that § 4011(c) does not strip defendant of its immunity from plaintiffs' claims.

Plaintiffs further argue that this case is similar to *Claymont School District v. Beck,* 424 A.2d 662 (Del.Supr.1980). In *Beck* the Delaware Supreme Court ruled that under § 4001(3) a school district was not immune from a tort action alleging wanton negligence. 424 A.2d at 662, 663. However, § 4001 applies only to political subdivisions of the State, specifically including school districts. 10 *Del.C.* § 4003. As a municipality, Dewey Beach falls under § 4011 and not § 4001. Accordingly, the Court concludes that the holding in *Beck* is inapplicable to this case.

■ Though it was absent from their brief, at oral argument plaintiffs made an additional argument, that § 4012 violated the equal protection clause of the 14th Amendment. Under § 4012(2), an exception to the general immunity for governmental entities is provided for negligent acts "[i]n the construction, operation or maintenance of any public building or the appurtenances thereto, except as to ... structures, facilities or equipment designed for use primarily by the public in connection with public outdoor recreation." Plaintiffs contend that under § 4012(2) municipalities would be liable for a diving accident at an indoor public pool, but would not be liable for an identical diving accident at a public beach on the oceanfront. Plaintiffs therefore argue that separating facilities for public outdoor recreation from indoor facilities is a categorization without a rational basis, and thus a denial of equal protection. The Court disagrees. The state legislature has made a distinction between an indoor pool, where a municipality is responsible for the design, construction, and maintenance, and a natural beach located on an ocean, river or lake. The Court finds that such a distinction is reasonable.[1]

## III. CONCLUSION

In conclusion, the Court holds that the plaintiffs' claims against Dewey Beach are

---

**1.** Plaintiffs also assert that approximately 1,000 people each year suffer tragic accidents similar to the one that Eric suffered. As a matter of public policy, the plaintiffs argue that it is the municipalities and their insurers that are best able to pay for the costs of these accidents. However, such policy questions are for the legislature to ponder, and not this Court.

barred by 10 *Del.C.* §§ 4010–4012. Defendant argues in the alternative that it be granted summary judgment on two other grounds: (1) that there is no evidence that defendant breached any duty owed to Eric Smith and that the negligence of Eric Smith is the sole cause of his accident, and (2) that the State of Delaware does not recognize claims for the loss of services and consortium of a child or sibling. (D.I. 34 at 7–11.) Having ruled for the defendant on the sovereign immunity issue, the Court finds that it need not consider these alternative arguments. Accordingly, defendant's motion for summary judgment on all pending claims asserted by plaintiffs in this case will be granted.

An order will be entered in accordance with this Memorandum Opinion.