# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

GARY LEWIS,                    )
)
          Plaintiff,            )
)
     v.                     )     C.A. No. K23C-01-017 NEP
)
SMYRNA POLICE DEPARTMENT,   )
)
          Defendant.       )

Submitted: May 25, 2023
Decided: August 2, 2023

## ORDER

### *Upon Defendant's Motion to Dismiss*

### GRANTED

Before this Court is the motion of Defendant Town of Smyrna (hereinafter "Defendant")[1] seeking dismissal of a defamation action brought by Plaintiff Gary Lewis (hereinafter "Plaintiff"). Defendant asserts immunity from suit under the County and Municipal Tort Claims Act (hereinafter the "CMTCA"), 10 *Del. C.* §§

---

[1] Defendant is correct that the Town of Smyrna, rather than the Smyrna Police Department, is the appropriate entity for suit. "It is well established that municipal police departments are 'not separate entities for the purpose of suit, but rather, are distinct departments or entities of the [city or municipal] government [themselves].'" *Gregory v. Dover Police Dep't*, 2012 WL 6915204, at *2 n.7 (Del. Super. Dec. 31, 2012) (alterations in original) (quoting *Breitigan v. State of Delaware*, 2003 WL 21663676, at *2 (D. Del. July 16, 2003)); *see also Thomas v. Wilmington Police Dep't*, 1994 WL 315232, at *3 (Del. Super. June 3, 1994) ("This Court finds that the Wilmington Police Department may not be sued as a separate entity."). However, as with an earlier decision of this Court, "[g]iven the liberal standard for construing *pro se* pleadings, the Court will treat [Plaintiff's] claims against the Police Department as claims against the Town of Smyrna." *Strong v. Dunning*, 2013 WL 3481452, at *1 n.1 (Del. Super. June 27, 2013).

1

4010–4013, and also argues that the statute of limitations elapsed before this suit was filed. Since Defendant is immune from suit under the CMTCA, Defendant's motion to dismiss is **GRANTED** on that basis, and the Court need not reach the statute of limitations issue.

## BACKGROUND

1. Plaintiff filed a one-page complaint and multiple exhibits on January 13, 2023.[2] The Complaint alleges that on September 9, 2020, the Smyrna Police Department (hereinafter the "Department") posted an article on its official website featuring a picture of Plaintiff and alleging that he had shot and paralyzed a woman.[3] It also asserts that the article has not been "retracted or redacted" despite the Department's "knowing the information is false."[4] Plaintiff seeks an order asking Defendant to remove, retract, or redact the article and seeks one million dollars in damages.[5]

2. Defendant filed a motion to dismiss pursuant to Superior Court Civil Rule 12(b)(6) on February 16, 2023.[6] Plaintiff filed a response on March 2, 2023.[7] At Defendant's request, the Court heard oral argument on this motion and a pending

---

[2] Compl. (D.I. 1). Plaintiff first attempted to file the action on September 7, 2022, while incarcerated. Resp. to Def. Mot. to Dismiss Claim (hereinafter "Pl.'s Resp.") at 6. On September 13, 2022, he received a letter from the Prothonotary stating that his filing was being returned undocketed because he had not included all of the necessary documentation for filing a civil complaint. *See* Compl. Ex. K. Plaintiff attributes the missing documentation to the unavailability of necessary paperwork in the law library and his inability to access a computer while incarcerated. Pl.'s Resp. at 6.

[3] Compl. ¶ 3. The article states, *inter alia*, that "[a]fter exhaustive investigation utilizing several measures, detectives were able to identify the shooter as Gary V [sic] Lewis." *Id.* Ex. B. It appears that on September 29, 2021, the State entered a *nolle prosequi* on the charges arising from the alleged shooting. *Id.* Ex. J.

[4] Compl. ¶ 4.

[5] *Id.* ¶¶ 5–6.

[6] Def's Mot. to Dismiss Pl.'s Compl. (D.I. 6).

[7] Pl.'s Resp. (D.I. 8).

motion to dismiss an action against the City of Dover Police Department[8] on May 25, 2023.

## STANDARD OF REVIEW

3.     When deciding a 12(b)(6) motion to dismiss, the Court accepts all well-pleaded factual allegations as true and will grant the motion only if the plaintiff cannot recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[9]

## ANALYSIS[10]

4.     10 *Del. C.* § 4011(a) provides that "[e]xcept as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages."  10 *Del. C.* § 4012, however, creates three exceptions to that immunity, pursuant to which a governmental entity "shall be exposed to liability for its negligent acts or omissions causing property damage, bodily injury or death in the following instances:"

> (1) In its ownership, maintenance or use of any motor vehicle, special mobile equipment, trailer, aircraft or other machinery or equipment, whether mobile or stationary.
>
> (2) In the construction, operation or maintenance of any public building or the appurtenances thereto, except as to historic sites or buildings, structures, facilities or equipment designed for use primarily by the public in connection with public outdoor recreation.
>
> (3) In the sudden and accidental discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalines and toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water.

---

[8] *See Gary Lewis v. Dover Police Department*, K23C-01-019 NEP (Del. Super.).

[9] *Anthony v. City of Dover*, 2015 WL 511170, at *1 (Del. Super. Jan. 29, 2015) (citing *Spence v. Funk,* 396 A.2d 967, 968 (Del. 1978)).

[10] While the cases have not been consolidated, Plaintiff's case against the City of Dover (pleaded as a suit against the City of Dover Police Department), *see supra* note 8, is subject to dismissal for nearly identical reasons.

5.	The Delaware Supreme Court has made clear that "the activities listed in § 4012 are the only activities as to which municipal immunity is waived."[11] Moreover, "the wording of the § 4012 exceptions are [sic] 'subject to strict construction' so as not to undermine the broad immunity granted by the Act."[12]

6.	In addition, 10 *Del. C.* § 4011(c) provides that a government employee "may be personally liable for acts or omissions causing property damage, bodily injury or death in instances in which the governmental entity is immune under this section, but only for those acts which were not within the scope of employment or which were performed with wanton negligence or wilful and malicious intent."

7.	Here, Plaintiff seeks damages for defamation arising from one of the Department's online press releases. He has not attempted to argue that any of the § 4012 exceptions apply, and the Court agrees with Defendant that none of the exceptions can reasonably be read to apply to a defamation claim. Plaintiff argues that Defendant can be held liable because individual Department officers acted with willful and malicious intent within the meaning of § 4011(c).[13] That provision, however, provides only for the personal liability of government *employees* and does not expose *government entities* to liability for acts of their employees for which they are otherwise immune.[14] Since Plaintiff's action is against the Town of Smyrna and not any individual government employees, 10 *Del. C.* § 4011(c) has no bearing on

---

[11] *Fiat Motors of N. Am., Inc., v. Mayor & Council of City of Wilmington*, 498 A.2d 1062, 1066 (Del. 1985).

[12] *Walls v. Rees*, 569 A.2d 1161, 1167 (Del. 1990) (quoting *Sadler v. New Castle Cnty.*, 565 A.2d 917, 923 (Del. 1989)).

[13] *See* Pl.'s Resp. at 3–4.

[14] *See Robinson v. Clemons*, 987 F. Supp. 280, 284 (D. Del. 1998) ("Contrary to plaintiff's assertion, the courts have held [§ 4011(c)] was not intended to strip the governmental entity of its immunity. . . . In addition, given the sweeping immunity granted by the Tort Claims Act, the more reasonable interpretation is that the exception refers only to direct liability, not to derivative liability."); *Schueler v. Martin*, 674 A.2d 882, 889 (Del. Super. 1996) ("A local government remains immune under §§ 4011 and 4012 even if its employee's conduct is reckless/wanton or willful and malicious.").

the immunity question presented here.

8.      Because the Town of Smyrna is immune from damages liability and no exception to immunity applies, Plaintiff cannot recover damages under any reasonably conceivable set of circumstances and Defendant is thus entitled to dismissal of the damages claim.[15]  The Court therefore does not need to reach the statute of limitations question.

Wherefore, for the foregoing reasons, Defendant's motion to dismiss is **GRANTED**, and Plaintiff's Complaint is therefore **DISMISSED**.

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP:tls
oc:    Prothonotary
cc:    Gary Lewis, *Pro Se – Via U.S. Mail*
        Daniel A. Griffith, Esquire - *Via File & ServeXpress*
        Thomas Wallace, Esquire - *Via File & ServeXpress*

---

[15] While not addressed by the parties, the Court notes that the CMTCA provides immunity only from damages liability, and thus has no applicability to Plaintiff's request for retraction of the article.  *See* 10 *Del. C.* § 4011(a) ("[A]ll governmental entities and their employees shall be immune from suit on any and all tort claims *seeking recovery of damages*." (emphasis supplied)).  However, that request is a request for injunctive relief, which "is not relief which the Superior Court, a court of law, can grant."  *Phillips v. Conley*, 2004 WL 692656, at *2 (Del. Super. Mar. 2, 2004), *aff'd,* 860 A.2d 811 (Del. 2004) (TABLE).

5