# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DAVID STEPHENS MARSH, and )
DOMINIC GERARD MANCUSO, )
)
    Plaintiffs, )
)
)
    v. )    C.A. No. S24C-04-009 MHC
)
THE TOWN OF ELLENDALE, )
DELAWARE )
)
    Defendant. )

Submitted: September 20, 2024
Decided: December 9, 2024

*Defendant's Motion to Dismiss –*
***GRANTED.***

## <u>MEMORANDUM OPINION AND ORDER</u>

David S. Marsh and Dominic S. Macuso, *Pro Se*

Thomas Wallace, Esquire, Daniel A. Griffith, Esquire, Whiteford, Taylor & Preston, LLC, 600 North King Street, Suite 300, Wilmington, DE 19801, *Attorney for Defendant*

**Conner, J.**

This matter is presently before the Court on the Town of Ellendale's ("Defendant") Motion to Dismiss. Plaintiffs, David Marsh and Dominic Mancuso, oppose the motion. Based on the filings in support and in opposition, the motion is **GRANTED**.

## PROCEDURAL POSTURE

On April 10, 2024, Plaintiffs filed suit against Defendant alleging various harms. On May 31, 2024, Defendant filed its initial Motion to Dismiss. Plaintiffs failed to file a response but did personally appear on the motion day. Therefore, the Court requested briefing on Defendant's motion.

## FACTUAL HISTORY

The facts and incidents as alleged are both long and detailed. To not belabor the parties with a verbatim recitation of Plaintiffs' Complaint, this review will summarize the main events and provide necessary context.

1) Plaintiffs assert that after the adoption of their dog, among other issues, they became the focus of the Defendant's negative treatment from 2020 to the present.[1]

---

[1] *See* Pls.' Response at ¶ 2.

2) Plaintiffs assert that in 2021 they were continuously harassed and accosted by "[t]he Ellendale authorities and agents/representatives," regarding where they were allowed to walk their dog, how they were to handle their dog with respect to cleaning up after it on public and private property, and leashing their dog.[2]

3) Plaintiffs assert that specific Councilmembers made defamatory and slanderous remarks, both publicly and privately, against Plaintiffs,[3] which also encouraged other Ellendale residents to do the same.[4]

4) Plaintiffs assert that the Ellendale Police violated their Fourteenth Amendment right to equal protection and treatment under the law through an unequal application of the law and by refusing to accept Plaintiffs' contrary evidence and statements prior to Plaintiff Marsh's arrest for Disorderly Conduct in 2021.[5]

5) Plaintiffs assert that the arrest was illegitimate. Further, they allege that Councilmembers and Chief of Police Goerres "did knowingly and with malicious and willful intent, lie in the [p]olice [r]eport to the detriment of Plaintiffs" and, in doing so, Goerres committed perjury.[6]

---

[2] *Id.* at ¶ 32.
[3] *Id.* at ¶ 5.
[4] *Id.* at ¶ 18.
[5] *Id.* at ¶ 8.
[6] *Id.* at ¶ 6.

6) Plaintiffs assert that the arrest itself was a violation of their First Amendment right to free speech, "in that everything I said was legitimate discourse and my constitutional right to state and say in public."[7]

Defendant's Motion to Dismiss is based on the following grounds:

1) The Town is immune from liability for Plaintiffs' state law tort claims under the Delaware County and Municipal Tort Claims Act ("DCMTCA");[8]

2) Plaintiffs' federal constitutional claims fail because Plaintiffs do not allege an unconstitutional policy, practice or custom on behalf of the Town under *Monell*;[9] and

3) The statute of limitations bars many of Plaintiffs' additional purported grievances in the answering brief.[10]

---

[7] *Id* at Attach. I ¶ 5.
[8] Def.'s Opening Br. at ¶ 4.
[9] *Id.* at 5.
[10] Def's Reply Br. at ¶ 8.

## RELIEF SOUGHT BY PLAINTIFFS

Although Plaintiffs' allegations throughout their filings are numerous, Plaintiffs only seek two forms of relief.

First, Plaintiffs seek $25,000 in relief "to off-set the cost of additional security at home as well as recompense for miscellaneous costs to Plaintiffs."[11]

Second, Plaintiffs seek a public apology and "*in general*, assurance against retribution and the continuance of unlawful actions against Plaintiffs."[12]

## STANDARD OF REVIEW

Defendant's Motion to Dismiss pursuant to Superior Court Civil Rule 12(b)(6) permits this Court to dismiss an action for failure to state a claim. A complaint will not be dismissed for failure to state a claim unless it appears to a certainty that under no set of facts which could be proved to support the claim asserted would the plaintiff be entitled to relief.[13] "The Court will accept all well-pleaded allegations as true and draw every reasonable factual inference in favor of the nonmoving party."[14] "[A] complaint will not be dismissed for failure to state a claim upon which relief can be granted unless it appears to a certainty that the plaintiff could not recover under any

---

[11] Pls.' Response at ¶ 27.
[12] *Id.* at ¶ 28 (emphasis added).
[13] *Klein v. Sunbeam*, 94 A3.d 385, 391 (Del. 1952).
[14] *Gray's Landing Dev., LLC v. Blackston Cove Dev., LLC*, 2023 WL 2609633, at *2 (Del. Super. Ct. Mar. 21, 2023).

reasonably conceivable set of circumstances susceptible of proof."[15]  Accordingly, "the trial court is not required to accept every strained interpretation of the allegations proposed by the plaintiff, but the plaintiff is entitled to all reasonable inferences that logically flow from the face of the complaint."[16]

## ANALYSIS

### A.  Immunity Pursuant to the County and Municipal Tort Claims Act

Plaintiffs' suit against the Town of Ellendale seeking compensatory damages is barred by the Delaware County and Municipal Tort Claims Act ("DCMTCA"). The Act states that "[e]xcept as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages."[17]

Although Plaintiffs have specifically identified various Councilmembers and the Chief of Police throughout their complaint, Plaintiffs did not *sue* them nor name them within their lawsuit against the Town. Therefore, Plaintiffs are only suing the

---

[15] *Klein*, 94 A.2d 385, 391 (Del. 1952), opinion adhered to on reargument, 95 A.2d 460 (Del. 1953).
[16] *Malpiede v. Townson*, 780 A.2d 1075, 1082 (Del. 2001).
[17] 10 *Del. C.* § 4011(a).

6

Town of Ellendale and not the specific "agents and representatives" within the Town.[18]

Title 10, Section 4011 of the Delaware Code provides:

> An employee may be personally liable for acts or omissions causing property damage, bodily injury or death in instances in which the governmental entity is immune under this section, but only for those acts which were not within the scope of employment or which were performed with wanton negligence or willful and malicious intent.

Plaintiffs assert that the Police Chief acted with negligence and malicious intent.[19] However, if that were true and the Police Chief was a party to the suit, the actions must be connected with either property damage, bodily injury, or death while in the scope of employment.[20] Plaintiffs have not provided any fact that would suggest such exception applies, nor could any reasonable inference find the same.

---

[18] Plaintiffs have also asserted a respondeat superior claim in their Complaint. Because 10 *Del. C.* § 4011 preempts Plaintiffs' claims, respondeat superior is not viable. *See Farris v. Moeckel*, 664 F. Supp. 881, 897 (D. Del. 1987) (holding that "[g]iven the plain wording of the statute, it would be inappropriate to engraft respondeat superior liability onto § 4011(c), which addresses itself solely to employees, not municipal entities."); *accord Schuler v. Martin*, 674 A.2d 882, 889 (Del. Super. Ct. 1996) (holding "the court in *Farris* rejected the argument that local government entities are liable by virtue of *respondeat superior* if one of its employees engaged in reckless conduct." (emphasis in original). Moreover, Plaintiffs also claim constitutional violations against the Chief of Police through their respondeat superior theory in conjunction with 42 U.S.C. § 1983. This also fails as Delaware does not recognize such a legal remedy. *See McCaffrey v. City of Wilmington*, 133 A.3d 536, 542 (Del. 2016).

[19] Pls.' Response at ¶ 5, 6, 8, 9, Closing Statement; Attach. I at ¶ 3–4.

[20] 10 *Del. C.* § 4011(c).

There are three statutory exceptions to immunity pursuant to the Act. Title 10, Section 4012 states:

> A governmental entity shall be exposed to liability for its negligent acts or omissions causing property damage, bodily injury or death in the following instances:
> (1) In its ownership, maintenance or use of any motor vehicle, special mobile equipment, trailer, aircraft or other machinery or equipment, whether mobile or stationary.
> (2) In the construction, operation or maintenance of any public building or the appurtenances thereto, except as to historic sties or buildings, structures, facilities or equipment designed for use primarily by the public in connection with public outdoor recreation.
> (3) In the sudden and accidental discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalines and toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any watercourse or body of water.

Again, Plaintiffs have not asserted any facts within their filings establishing these exceptions.

In sum, Plaintiffs are seeking compensatory damages against the Town of Ellendale. Since the Town is immune from liability, Plaintiffs' claims for damages must be dismissed.

Plaintiffs are also seeking a public apology from the Town as well as general assurances against retributive actions. This Court is without authority to order remedies of this nature.

Accordingly, Defendant's Motion to Dismiss for failure to state a claim is granted pursuant to 10 *Del. C.* § 4011.

## B. Constitutional Claims Fail Pursuant to *Monell*

Defendant has properly asserted that Plaintiffs' constitutional claims must fail because the pleadings do not state a claim for which relief can be granted. To state a viable constitutional claim against a governmental entity under 42 U.S.C. § 1983, a plaintiff must show that "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."[21] In other words, as applied here, the Town of Ellendale must have adopted an official policy that can be clearly traced to the Plaintiffs' grievances, i.e., a policy or adopted practice that violates their First and Fourteenth Amendment rights. It is a requirement that the pleadings must be specific as to what the custom or policy was. In evaluating any § 1983 claim, the first question the Court must consider is "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."[22]

---

[21] *Monell v. Dep't of Soc. Serv. of N.Y.*, 436 U.S. 658, 694 (1978).
[22] *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).

9

The first constitutional deprivation Plaintiffs assert is that the detention and arrest of Plaintiff Marsh violated his First Amendment right to free speech.[23]  To support this claim, Plaintiffs, only broadly and indirectly, purport that it was the actual arrest itself coupled with the arresting officer not wanting to listen to Plaintiff Marsh's statements that constituted the First Amendment violation.[24]  Plaintiffs did not list, claim, or refer to any practice or custom to support their First Amendment claim. Therefore, this claim fails.

The second constitutional deprivation Plaintiffs assert is a violation of their Fourteenth Amendment right to equal protection.[25]  More particularly, Plaintiffs claim that their equal protection rights were violated by the Chief of Police by way of "a) refusing to view or consider evidence Plaintiff informed GOERRES [sic] he had which contradicted the claims of WELLER and SHORT, and b) failure to [sic] due diligence and a duty to seek the truth."[26]  Additionally, Plaintiffs also claim that they received unequal treatment regarding a fine and citation for their loose dog while their reports of their neighbor's dogs being loose on Plaintiffs' property went unaddressed by the police.[27]

---

[23] Pls.' Response at ¶ 11, Attach. I at ¶ 5.
[24] *See id.* at ¶¶ 10–11, Attach. I at ¶ 5.
[25] Pls.' Response at ¶¶ 8, 19, 21, 24, Attach. I at ¶¶ 3 (3), 5.
[26] Pls.' Response at ¶ 8.
[27] *See id.* at ¶ 19.

Again, to survive a § 1983 claim, Plaintiffs must allege an adopted custom or practice. They have not. Moreover, Plaintiffs' pleadings alone are not sufficient by itself to establish a custom or practice under § 1983 as their "one-off experience cannot suffice to establish a City's 'custom' under the law."[28]

For these reasons, Plaintiffs' claims not only fail for the procedural matters, but also for their substantive pitfalls as well.

## C. Statute of Limitations

Finally, Delaware's statute of limitations bars both Plaintiffs' state tort claims as well as the constitutional claims arising from any event preceding two years of the date of Plaintiffs' filing of this suit. "In determining the length of the statute of limitations for a claim arising under § 1983, courts must apply the limitations period applicable to personal-injury torts in the State in which the cause of action arose."[29] In Delaware, the statute of limitations for a personal injury claim is "2 years from the date upon which it is claimed that such alleged injuries were sustained…."[30]

---

[28] *Bolden v. City of Wilmington*, 2019 WL 133314 at *3 (D. Del.) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 637 (3d Cir. 1995) (holding "that 'a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.'")).

[29] *Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 859 (3d Cir. 2014) (citing *Wallace v. Kato*, 549 U.S. 384, 387, 127 S.Ct. 1091, 166 L.E.d2d 973 (2007).

[30] 10 *Del. C.* § 8119.

Accordingly, any incident listed prior to April 10, 2022 (two year prior to the filing of this suit) is barred by the Delaware statute of limitations.

For the reasons state above, the Court **GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*

Mark H. Conner, Judge

cc: Prothonotary